## BALLARD vs. BANCROFT—BALLARD vs. BANCROFT & WATTERS.

1. On a motion to the Court to dismiss an action at Law, because no process had been annexed to the original petition, and none appearing by inspection of the petition, the Clerk, whose duty it was to annex the process, is an incompetent witness to prove that, that duty had been performed.

2. Writing and signing a process on a separate paper from that on which the original petition is extended, and then placing the paper, containing the process, loosely within the folds of the petition, is not a compliance with that provision of the Judiciary Act of 1799, which requires that process shall be "annexed" to the petition. The process must be extended on the same paper on which the petition is written, or if on a different paper, the two must be firmly united by wax or tape, or in some other secure method.

3. The delivery of a copy of the process, with a copy of the petition to the defendant, is essential to perfect service, and to give the Court jurisdiction of the case.

Motion to dismiss actions, in Jasper Superior Court. Decided by Judge HARRIS, at the April Term, 1860.

These two cases involved the same questions, and were consolidated, and heard together, by consent.

Two actions of assumpsit were pending in Jasper Superior Court, against William A. Ballard; one in favor of Dyer C. Bancroft, and the other in favor of Dyer C. Bancroft and Andrew J. Watters, executors of John C. Watters, deceased.

When these cases were called in their order, counsel for the defendant moved to dismiss them, on the ground that the clerk had failed to annex original processes to the original petitions, or copy processes to the copy petitions which were served on the defendant.

Upon an inspection of the original petitions, the Court held that they contained no evidence that original processes had been annexed to them by the clerk, or that such original processes had been waived by the defendant.

Counsel for the plaintiffs, then proposed to prove by C. E. F. W. Campbell, "that he was the clerk of Jasper Superior Court at the time the original petitions were filed in the office, and that, to the best of his recollection, he filled up and signed as clerk, printed processes in the usual form, and

AMENDMENT OF PROCESS. "Where there was an original process attached to the declaration which was not copied and served on the defendant, the declaration alone being served, it was competent for the court, on motion of the plaintiff's counsel, to order the original process to be made returnable to the next term of the court and that a copy be served on the defendant, notwithstanding the defendant had made a motion to dismiss the action." Lassiter v. Carroll, 87 Ga. 731. * * * "It is clear that the entire absence of process, can not be supplied by amendment; but where there is original process, as in the present instance, it is in the power of the court to retain the case, allowing such amendment and granting such further time for service

laid them loose in the original petitions, without attaching or annexing them to the petitions, and that he does not know where said processes now are."

To this testimony, counsel for defendant objected, on the ground that the witness being interested, was an incompetent witness to prove the facts.

The Court overruled the objection, and admitted the testimony, to which the defendant excepted.

Counsel for the plaintiffs, then introduced the defendant to prove, "that copy processes were annexed to the copy petitions which were served on him by the sheriff."

Defendant's counsel moved the Court to direct an issue to be made upon these facts, and that the issue be tried by a jury, which motion was refused by the Court, and defendant excepted.

The defendant was then introduced, and testified before the presiding judge, as follows: That he was served with copies of the petitions about the time stated in the return by the deputy sheriff, but neither of the copies had any copy process annexed, or attached to them; that copies, if not lost, are now at his house, some forty miles distant; that if the cases can be continued until the next term, he will cheerfully produce, or if they can be postponed for the present, he will go for the copies at once.

Counsel for defendant moved to postpone, or continue the cases a sufficient time to enable the defendant to produce the copies which he had forgotten to bring with him.

The Court overruled the motion, and defendant excepted.

Counsel for defendant then proposed to introduce in evidence sundry petitions and declarations filed at the same term, some before, and some since, to all of which "written processes" were annexed by the clerk for the purpose of rebutting the evidence of the clerk.

The Court repelled the evidence and defendant excepted.

The presiding judge then passed the following order in said cases, to wit:

It appearing to the Court, by the evidence under oath of C. E. F. W. Campbell, former clerk of the Superior Court, and who was acting as clerk at the time, that when the declarations in these cases were originally filed in his office, he issued processes with said declarations as required by law; and it further appearing, as aforesaid, that said processes

as may be required to give due notice to the defendant. It has been held that 'the decisions made by this court as to the want of original process do not in strictness apply to a defect in the copy.' Cochran *v.* Davis, 20 Ga. 581. In that case the copy was practically as ineffectual as in the present case, being without the signature of the clerk, but the court directed that the omission be supplied. **This court has repeatedly recognized the right of the court below, in cases where there was no service of any kind, to pass an order amending the process and ex-**

have been lost, or mislaid, and can not be found. It is, therefore, ordered by the Court, that processes in said cases do issue "instanter," and that the same be attached to the declarations by the clerk.

Error is assigned on these various rulings of the Court.

GEO. T. BARTLETT, for plaintiff in error.

W. A. LOFTON, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

1. The first exception taken to the rulings of the Court below, is to that overruling the defendant's objection to the competency of one Campbell, who was the clerk of the Court when the declarations in these cases were filed; the object being to show that processes had been annexed to the declarations when filed. Was Campbell a competent witness? Had the plaintiff's action failed, by reason of his neglect to annex processes to the declarations, he would have been liable to the plaintiff for damages. Again, the law allows the clerk of the Superior Court a certain fixed compensation for annexing process, and for copy process. The law furthermore expressly prohibits the Clerk from charging parties litigant for any service not actually rendered. If these processes had been annexed to the declarations, Campbell would, at the end of the suit, be entitled to a fee for that service; otherwise, he would not. He had, then, clearly an interest to the extent of his fees for processes, in establishing the fact, that they had been annexed, and however small the interest may be, if certain and fixed, it renders the party interested incompetent as a witness. There was, therefore, error in this ruling.

2. It is assigned as error, that supposing the witness, Campbell, competent, the Court, without sufficient evidence that processes had been attached to the original declarations, ordered processes to be issued instanter, and to be attached to the declarations.

In this order, it is assumed that processes had been attached, and if so, that fact must have appeared from Campbell's evidence—there being no other to the point. Campbell swears positively to nothing. He gives his "recollec-

tending the time for service. See Baker *v.* Thompson, 75 Ga. 166; Allen *v.* Mutual Loan & Banking Co., 86 Ga. 74." Id. 733.

PROCESS, WANT OF. "The cases in which a want of process has been held to render proceedings void, both before and since the adoption of the Code, are numerous. 13 Ga. 217; 16 Id. 194; 17 Id. 67; 20 Id. 225; 31 Id. 503; 52 Id. 22." Mitchell *v.* Long, 74 Ga. 98.

SERVICE OF PROCESS. "As there was no service upon the defendant, or waiver thereof, the court never acquired any jurisdiction

tion" as to what he did. And what was that recollection? That he made out and signed processes for these cases, on separate papers, and laid them loosely in the folds of the declarations. This is not *"annexing"* process. The law expressly requires that process shall be *"annexed"* to the declaration. And further, that any "process issued and returned in any other way, shall be null and void." It is the process that brings the party into Court; hence the particularity of the law. We hold that process must be either written, or printed and written, on the same paper with the declaration, or, if written on different paper, *that* must be securely attached by wax, or by tape, or some other safe ligature, to the declaration. Nothing short of this, is a compliance with the law. Campbell's testimony negatives such attachment, and there was, therefore, error in the passage of the order.

3. The law is equally imperative that a copy of the process shall be delivered to the defendant, and one ground of the motion to dismiss these actions, was, that no copies of the processes had been delivered to the defendant. There was not only no proof that this had been done, but there was proof adduced by the plaintiff, himself, that it had not been done. There was, therefore, error in overruling the motion to dismiss on this ground.

## JUDGMENT.

Whereupon, It is considered and adjudged, that the judgment of the Court below be reversed, on the ground that the Court erred in overruling the motion to dismiss said actions—this Court holding, first, That the clerk in office at the time said declarations were filed, was an incompetent witness to prove that he had annexed process to the declarations; secondly, That his testimony did not show that any process had been "annexed" to the original declarations; thirdly, That the evidence offered by plaintiff, showed that no copy process had been attached to the copy declaration.

in that case. Ballard *v.* Bancroft, 31 Ga. 503; Branch *v.* Mechanics' Bank, 50 Ga. 609; McLendon & Co. *v.* Hernando Phosphate Co., 100 Ga. 219." Southern Railway Company *v.* Newton, 106 Ga. 567.

**Essential to give jurisdiction.** "In Ballard *v.* Bancroft, 31 Georgia, 503, it is said, 'the delivery of a copy of the process, with a copy of the petition to the defendant, is essential to perfect service, and to give the Court jurisdiction of the case,' and this was made one of the headnotes in that case. It is true, the motion was to dismiss the case, because the defendant had not been served with a copy of the process; and the dismissal was ordered by this Court. The decision is referred to, for the purpose of showing how far Courts have gone in holding that service is one of the essentials to give jurisdiction." Branch *v.* The Mechanics' Bank, 50 Ga. 417.

**"Without service on the defendant,** or its equivalent, **the court,** though the subject-matter of the petition may be within its jurisdiction, **has no jurisdiction of the person sought to be sued;** and, as said by the court, in Gray *v.* Hodge, 50 Ga. 263, 'A suit in a court having no jurisdiction is no suit at all; it is simply a nullity.' " McLendon *v.* Hernando Co., 100 Ga. 222-3.