## SOUTHERN RAILWAY COMPANY *v.* NEWTON.

Where summons of garnishment is based upon a suit in which the court acquires no jurisdiction to render a judgment against the principal defendant, the garnishee can not relieve himself of liability to the defendant by paying the amount of a debt which he owes him into such court.

Argued December 13, 1898. — Decided March 4, 1899.

Certiorari. Before Judge Lumpkin. Fulton superior court. May 6, 1898.

*Hugh M. Dorsey*, for plaintiff in error.
*Maddox & Terrell*, contra.

FISH, J. This was a suit brought by Newton, in a justice's court, against the Southern Railway Co. It was tried upon

an agreed statement of facts. The justice rendered a judgment for the plaintiff, and on appeal to a jury in the justice's court there was a verdict for the plaintiff. The defendant carried the case to the superior court by certiorari; and the certiorari being overruled, it excepted. The only point insisted on here by the plaintiff in error is, that it was relieved from liability to Newton by reason of the payment into court of the amount which it owed him under a garnishment issued in the case of Freeman v. Newton, as set out in the agreed statement of facts. We are clearly of opinion that this contention of the plaintiff in error is not sound. Freeman commenced, in the justice's court, an action against Newton, by having a summons issued for the latter, and upon this had summons of garnishment issued against the Southern Railway Company. No service was ever effected upon Newton in that case, and it is not claimed that he ever did anything which amounted to a waiver of service. In fact it appears that the plaintiff, presumably on account of the want of service upon the defendant, subsequently instituted another action against Newton, upon the same claim, in which the defendant was duly served and in which the plaintiff obtained a judgment against him. After the summons was issued for the defendant in the case from which the garnishment proceedings issued, the jurisdiction of the court was dependent upon service being effected upon him, or a waiver by him of service. As there was no service upon the defendant, or waiver thereof, the court never acquired any jurisdiction in that case. *Ballard* v. *Bancroft*, 31 *Ga.* 503; *Branch* v. *Mechanics Bank*, 50 *Ga.* 413; *Ferguson* v. *New Manchester Mfg. Co.*, 51 *Ga.* 609; *McLendon & Co.* v. *Hernando Phosphate Co.*, 100 *Ga.* 219. The garnishment proceedings being ancillary to the main case, the jurisdiction of the court as to them was necessarily dependent upon its jurisdiction in that case. When the action against the principal defendant fell, for the want of service, the ancillary suit against the garnishee went down with it. It is very apparent, therefore, that the garnishee did not relieve itself of liability to Newton, the defendant in the principal case, by paying the amount which it owed him into a court which

never acquired jurisdiction over him, and consequently had none over the garnishee. The fact that the garnishee, after it had answered, paid into court the amount which it owed Newton, upon the demand of the justice who issued the summons of garnishment, can make no difference. The justice had no authority whatever to make such a demand, and a compliance therewith by the garnishee was, in legal contemplation, merely voluntary. Section 4726 of the Civil Code provides that "The plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant." As we understand from the agreed statement of facts, no judgment was ever rendered against the defendant in the case upon which the garnishment was based, and if one had been rendered it would have been void, as in the absence of service upon the defendant the court had no jurisdiction to give judgment against him. Until a valid judgment has been obtained against the principal defendant, a garnishee is under no legal obligation whatever to pay the amount which he owes the defendant into court. The payment by the railway company of the amount which it owed Newton into the justice's court being without authority of law, it was not relieved of its liability to him; and consequently the verdict of the jury in the justice's court in the present case was right, and there was no error in overruling and dismissing the certiorari.

*Judgment affirmed. All the Justices concurring.*