WILLIAM WHITE, Senior, plaintiff in error, vs. JOHN R. HART and W. D. DAVIS, defendants in error.

[1.] A second original and process to perfect service on a joint defendant residing in another county, may issue, by way of amendment, after the appearance Term of the case.

[2.] Principal and surety may be sued together, in the county of the surety's residence.

Motion.   In Chattooga Superior Court.   Decided by Judge MILNER.   September Term, 1866.

Upon a promissory note signed by Hart and Davis, (the latter as security) reading on its face " I promise to pay," etc., White filed his declaration, returnable to March Term, 1866, of Chattooga Superior Court. The declaration alleged that both defendants were of Chattooga County. The Sheriff served Davis, and returned, as to Hart, *non est inventus.* Hart's residence was, until after the appearance Term of the case, unknown to the plaintiff or his attorneys. Soon after that Term, Davis gave notice to the plaintiff to sue Hart. The plaintiff, learning that Hart was then a resident of Morgan county, caused the Clerk in Chattooga to

issue a second original and copy, and had the same served on Hart by the Sheriff of Morgan county on the 24th of April, 1866.

At September Term, 1866, the cause came on to be heard, and the foregoing facts appearing to the Court, plaintiff's counsel moved to amend the declaration and process so as to state that Hart resided in Morgan county, and so as to make the process returnable to March Term, 1867, instead of March Term, 1866; and that a copy of the order for such amendment be served upon the defendants thirty days before the next Term.

The Court refused this motion; and then counsel for Davis moved to dismiss the action, because Hart had not been legally served, and because, under the Constitution of this State, the defendants could not be jointly sued in the county of the residence of the security, but only in the county of the residence of the principal.

The Court dismissed the action as to Hart, but not as to Davis.

The errors assigned are the refusal of the plaintiff's motion, and the granting of the defendant's so far as to dismiss against Hart.

KIRBY, and WRIGHT & BROYLES, for plaintiff in error.

HARVEY & SCOTT, for defendant.

LUMPKIN, C. J.

We are inclined to think the Court erred throughout this proceeding. Formerly, under the Judiciary Act of 1799, process, if not sued and served in strict conformity to the requirements of the statute, was declared to be null and void. This was the strong language of the statute. But all this is changed; and relaxation, and not stringency, is the rule now. The Courts began to modify with the Act of 1853, and progressed with the broad allowance of amend-

ments made by the Code, and the decisions and legislation which preceded it; so that now, if there be a legal cause of action set out in the declaration, and the defendant has had notice of the pendency of the suit, all other objections are to be disregarded, by so amending the proceedings as shall subserve the ends of justice. See, especially, Sections 200 and 3258, *et passim*, of the Code.

Why not allow the plaintiff to amend his writ as he desired, and take time to perfect service? I know no time, limited by law, when the amendment of the writ should be made. I must confess, I have more doubt as to not allowing the amendment which White voluntarily caused the Clerk to make, than to disallow the one which he moved the Court to grant at its late Term.

In holding that Hart, the maker, could not be sued in Chattooga county, we ask, why not? He and Davis are joint and several promissors, and the note is to be treated as the joint and several note of them all. "I promise to pay" is the form of the promissory note. *See Constitution, Art.* 4, *sec.* 2, *par.* 10–11. By these it will be seen that joint promissors may be sued in either county, where either of them resides, and it is only in the case of a maker and indorser that the Constitution requires that the suit must be brought in the county where the maker resides.

Judgment reversed.