Branch vs. The Mechanics' Bank.

JOHN P. BRANCH, plaintiff in error, vs. THE MECHANICS'
BANK, defendant in error.

Where a declaration was filed and process attached against a corporation, and a regular return made by the sheriff that the defendant was not to be found, and that the president of the corporation was dead, the plaintiff is not entitled after the lapse of five terms of the Court without having taken any further action, or showing sufficient legal reason for the delay, to amend the process so as to make it returnable to the then ensuing term, and to perfect service by publication under section 3370 of the new Code.

Process. Service. Amendment. Before Judge GIBSON.
Richmond Superior Court. October Term, 1872.

On December 29th, 1869, Branch commenced suit against the Mechanics' Bank for $50,000 00, besides interest, on its bills. On the same day process was attached in the usual form. On May 28th, 1870, the sheriff of Richmond county made the following return : "The defendant, the Mechanics' Bank, not to be found, Thomas S. Metcalf, the late president, dead." At the October term, 1872, of said Court, when the docket was taken up on which said suit was entered, plaintiff's attorney filed his affidavit to the effect, " that before the service of said declaration and process on the said defendant, the president of said Mechanics' Bank, the proper officer on whom process should be served, died, and that said defendant had not then, nor has had at any time since, a public place of doing business, and has no individual in office upon whom service of process may be perfected, within the knowledge of this affiant." Upon this affidavit he predicated a motion that the Court order service by publication, as provided by section 3370 of the Code, the citation to require the defendant to be and appear at the next term of the Court.

The Court overruled the motion and refused the order. To this ruling the plaintiff excepted.

The presiding Judge, in addition to the usual certificate, certified that there was no one that he knew of upon whom to serve a copy of the bill of exceptions.

Branch *vs.* The Mechanics' Bank.

HENRY W. HILLIARD, for plaintiff in error.

1st. A suit is commenced in the Superior Courts of Georgia by filing the declaration in the clerk's office.

2d. A suit commenced in the Superior Courts of Georgia continues until disposed of by trial or some order of Court, made in proper form, dismissing it.

3d. It is within the power of the Court, and its duty, to make all orders which tend to the advancement of suits commenced within its jurisdiction, that the ends of justice may be attained: Code, edition of 1873, sections 3332, 3333, 3370, 3250; 22 Georgia Reports, 259; 37 *Ibid.*, 32, 397; 3 *Ibid.*, 23; 27 *Ibid.*, 263; 35 *Ibid.*, 269.

W. H. HULL, representing, not the corporation sued, but parties ultimately interested, as *amicus curiæ*, submitted the following brief:

By the common law, on return of *non est inventus* to a writ, an *alias* and then a *pluries* might issue as often as was necessary; provided, that each new writ should bear test on the day the former was returnable—that is, it must issue during the term, which was considered one day: Touchins' case, 2 Salkeld, 699, side-page; Willett *vs.* Archer, 1 M. & R., 317, (17 E. C. Law Rep., 673;) 1 Tidd's Practice, 147, 152, sidepage. The uniformity of process Act (2 Will., 4, 1832,) allowed new writs after the expiration of the former, but not to avoid the statute of limitations: See the Act and cases cited in Harrison's Digest, vol. 3, p. 5475, 5480. No statute of Georgia has changed the common law on this point. It will hardly be contended that this motion could have been granted under the Act of 1799: Munford *vs.* Bank of St. Mary's, 6 Ga., 44. But the case of White *vs.* Hart, in 35 Ga., 269, is relied on to show a change in the law. That case differs from this, in two important particulars: First. That had a standing in Court, by service perfected on one of two joint and several contractors; and it was consistent with long usage and with former decisions of this Court, to allow time to perfect service on the other. By service on one, the Court had ac-

quired jurisdiction : Lamar *vs.* Cottle *et al.,* 27 Ga., 265.   Indeed, there is little doubt that if Hart had not been sued originally, he might have been made a party by amendment : Beasley *vs.* Allen & Stanford, 23 Ga., 602.   In the case at bar no one had been served, and the Court had not jurisdiction : Ballard *vs.* Bancroft, 31 Ga., 503.   Second.   In White *vs.* Hart, the motion was made *without delay.*   Suit was brought to March term, 1866, and the motion was made September term, 1866, with proof that the residence of Hart was not known to plaintiff or his attorney *until after* March term. In the case at bar suit was brought to June term, 1870.   The sheriff's return was May 28th, 1870 ; and this motion was made, without any excuse for delay, at October term, 1872— five terms having lapsed without action.   Any motion for new service should, therefore, have been denied on its merits : Lloyd & Wells *vs.* Welch, 35 Ga., 104.   But ' *this* motion could not be granted by the very words of the statute under which it is made : Section 3370 of New Code.   The mode of service allowed in that section may be used in a new suit, but not in this suit ; because the publication under it must be made " three weeks prior to the Court to which the *complaint* (not the process,) is returnable ;" which, in this case, was June term, 1870.

Trippe, Judge.

Five terms of the Court had passed after the filing of the declaration and the return made by the sheriff of *non est inventus* and of the death of the president of the corporation.   In the meantime no step whatever had been taken by the plaintiff. At the sixth term the motion was made to perfect service under section 3370 of the new Code.   This, of course, involved the necessity of amending the process, or rather the issuing of a citation by the clerk, as required by that section.   No legal reason was shown for such long delay.   In fact none whatever has been given.   It was stated in the argument that the case had been continued from term to term.   We understand this to mean that by operation of law the case stood

continued from the fact that no entry was made on the docket or minutes. The record shows none. Indeed, where there are no parties, it cannot properly be said there was a case having such a standing in Court as to be the subject matter of a continuance. There is really nothing to continue—no party in Court to be heard on a motion for that purpose. By the term *continuance*, it is intended to refer in the foregoing use of that word to those *continuances* of cases when they are called for trial, on special cause shown, and not to the technical continuance of an action in Court, by means of an *alias and pluries* writ, under the English practice.

It was claimed in the argument by plaintiff in error, that when the declaration was filed in the office of the clerk, it was a commencement of the suit. This is conceded: Code, section 3333. But we understand by this that when the suit is perfected by service on the defendant then its commencement shall date from the filing of the declaration, which is ascertained from the indorsement by the clerk. Without service it amounts to nothing. It would scarcely be contended that a plaintiff, whose right of action lacks but a few days of being barred by the statute of limitation, could, by simply filing his petition in the clerk's office, with the clerk's entry thereon, and then dismissing it without service, gain six months longer time to recommence an action for the same cause.

Upon an examination of the different cases which have been before this Court, and the decisions which were referred to by counsel for plaintiff in error as being favorable to the judgment he now invokes, it will be seen that in each of them there had been service on the defendant, or one of them, when there were two. In the case of *White vs. Hart et al.,* 35 *Georgia*, 269, which was chiefly relied on, both defendants had been served when the motion in the Court below was made. The motion was also made at the second term, and a good reason shown why the necessity for the amendments asked for had occurred. The plaintiff had shown diligence, and had, even without an order, as soon as he had learned the residence of one of the defendants, caused him to be served. It is true

Judge LUMPKIN used the strong expression in pronouncing in that case, in reference to amendments and perfecting service, that "relaxation and not stringency is the rule now." But this was not intended to be taken in the broad sense sought to be given to it; for he further says, in immediate connection therewith, "so that now, if there be a legal cause of action set out in the declaration, and *the defendant has had notice of the pendency of the suit,* all other objections are to be disregarded, by so amending the proceedings as shall subserve the ends of justice:" New Code, 3345. In *Ballard vs. Bancroft,* 31 *Georgia,* 503, it was said, "the delivery of a copy of the process, with a copy of the petition to the defendant, is essential to perfect service, and to give the Court jurisdiction of the case," and this was made one of the head notes in that case. It is true, the motion was to dismiss the case, because the defendant had not been served with a copy of the process; and the dismissal was ordered by this Court. The decision is referred to, for the purpose of showing how far Courts have gone in holding that service is one of the essentials to give jurisdiction.

The observations made by HARRIS, Judge, in delivering the opinion in the case of *Loyd & Wells vs. Welch,* 35 *Georgia,* 104, and which seems to have had the sanction of the whole Court, are very significant, and bear strongly on the point under consideration. The suit was returnable to November term, 1865, and no service was made until May, 1866. At the judgment term, a motion was made to dismiss for that cause. The motion was refused and plaintiff allowed to amend the process so as to make it correspond with the sheriff's return. Judgment was rendered for plaintiff. The defendant entered an appeal, and, also, sued out a writ of error to this Court. A motion was made to dismiss the writ of error on the ground of the pendency of the appeal. In sustaining the motion to dismiss, it was said: "We are precluded from considering whether the Court exercised a sound discretion or not in allowing the process of the Court, which issued unquestionably correctly, in which there was no error and was

according to the truth of the case, to be amended so as to make the date of its issue conform to the service of the sheriff in May, 1866—months after the period had expired, when, according to law, the writ should have been returned to office. *We regret this*, as it would have furnished a proper case in which to have given an expression of opinion as to *whether there are not rational and legal limits as to amendments*, under our statutes; what amendments are matters of course, and what are not." This was by the same Court, and at the same term, when *White vs. Hart et al.*, was decided.

We are fully aware of the great liberality allowed by law, and as shown by many of the decisions, as to amendments both of declarations and process, and, also, as to perfecting service; but we do not think that any statute or decision has gone so far as to permit a plaintiff to file his petition, and after a return of no service by the sheriff, to await the expiration of five terms without any action whatever, and then, without any legal cause shown for the *laches* or delay, ask to be permitted to do that which could as well have been done, and should have been done more than two years previously. It would be practically an avoidance of the statute of limitations, and would be in utter variance with and a total departure from all law and rules which exact diligence and condemn *laches* and neglect.

Judgment affirmed.