ALLEN *v.* THE MUTUAL LOAN AND BANKING COMPANY.

1. A declaration having been filed with the clerk of the superior court, and the case having been entered on the docket, and at the second term of court the plaintiff moving to establish a copy of the declaration and process as lost, there was no error in sustaining the motion; the plaintiff's attorney testifying that though he did not know the papers were lost, he had inquired after them and had been informed by the clerk that they were lost or mislaid, but that the clerk would get them for him, and the clerk testifying that it was his habit, directly after receiving a declaration, to annex process thereto, and while he could not say positively that he had done so in this case, he thought he had.

2. The plaintiff's attorney testifying that on his inquiry the sheriff informed him that the declaration had been served on the defendant, and that he was misled by this information and consequently did not move at the first term for an order to perfect service, it was not error to grant such order at the second term, giving until the next term to perfect service; though the court, in its discretion, could refuse such order and dismiss the case.

October 17, 1890.

Practice. Lost papers. Service. Before Judge VAN EPPS. City court of Atlanta. March term, 1890.

Reported in the decision.

FRANK A. ARNOLD, for plaintiff in error

SIMMONS & CORRIGAN, *contra*.

BLANDFORD, Justice.

The defendant in error sued the plaintiff in error, and filed its declaration with the clerk of the superior court. The case was entered on the docket. Defendant in error, through its attorney, inquired after the papers and was informed by the clerk that they were lost or mislaid, but that he would get them for him. At the second term of the court, the defendant in error moved to establish the lost declaration and the process attached thereto; and on the trial, plaintiff's attorney, having testified as to his inquiry regarding the papers in the case and his being assured by the clerk that he would get them for him, stated that he did not know they were lost. Defendant in error also showed by the clerk that it was his habit, directly after receiving a declaration, to annex process thereto; and while he could not say positively he had done so in this case, he thought he had. The court allowed a copy to be established in lieu of the original declaration and process, and this the plaintiff in error, Allen, says was error. We see no objection to the court's having ordered the declaration and process to be established upon the evidence submitted.

The next question made is, that at that term of the court plaintiff moved for an order giving further time, until the next term of the court, within which to perfect service of the declaration and process on the defendant, now the plaintiff in error. It was shown by the evidence of plaintiff's attorney that he inquired of the sheriff, who informed him that the declaration had

been served upon the plaintiff in error; that he was misled by this information given him by the sheriff, or he would have moved for this order at the first term of the court after the declaration was filed. The court allowed the order asked for, and Allen, the defendant in the court below, excepted. He says this was error. While we think the court could have refused the order and dismissed the case, yet we think he had a right to hear the testimony produced by the plaintiff in the court below; and if he was satisfied that the plaintiff had used due diligence to ascertain whether the declaration and process had been served, he then had a right to order the service to be perfected as was done. The granting of such a motion is largely in the discretion of the court. And while this court might not interfere with the court below whether it directed that further time should be given or refused, still we do not think it was error to have allowed the order asked for.

*Judgment affirmed.*