## LASSITER *v.* CARROLL.

Where there was an original process attached to the declaration which was not copied and served on the defendant, the declaration alone

being served, it was competent for the court, on motion of the plaintiff's counsel, to order the original process to be made returnable to the next term of the court and that a copy be served on the defendant, notwithstanding the defendant had made a motion to dismiss the action.

October 19, 1891.

Practice. Process. Service. Before Judge VAN EPPS. City court of Atlanta. December term, 1890.

Reported in the decision.

ROBERT L. RODGERS, for plaintiff in error.

SIMMONS & CORRIGAN, contra.

SIMMONS, Justice.

The exceptions in this case were to an order of the court below overruling a motion to dismiss the case for lack of service, and granting time to perfect service. It appears that the defendant was served with a copy of the declaration, but no copy of the process was attached thereto further than a printed form of process with blanks not filled and without the signature of the clerk. Regular process, however, was annexed to the declaration as filed, and upon this was an entry by the sheriff that the defendant had been served with a copy. At the appearance term the defendant traversed this return, and moved to dismiss as above stated. The court held that the defendant had not been properly served, but ordered that the original process be amended so as to be made returnable to the next term as the appearance term of the case, and that a copy of the declaration and of the process as amended be served on the defendant in terms of the law.

We think the court had the right to do this. In the case of Peck v. LaRoche, 86 Ga 314, relied upon by counsel for the plaintiff in error, the question was not as to the power of the court to amend process and extend the time for service, but as to the power of the clerk, without an order of court, to substitute for the

original process a second returnable to another term. The other authorities relied upon, in which there was no original process, are inapplicable to this case : (*Mc-Ghee* v. *Mayor*, 78 *Ga.* 790 ; *Ballard* v. *Bancroft*, 31 *Ga.* 503 ; *Reynolds* v. *Lyon*, 20 *Ga.* 225 ; *Brady* v. *Hardeman*, 17 *Ga.* 67.) It is clear that the entire absence of process cannot be supplied by amendment; but where there is original process, as in the present instance, it is in the power of the court to retain the case, allowing such amendment and granting such further time for service as may be required to give due notice to the defendant. It has been held that "the decisions made by this court as to the want of original process do not in strictness apply to a defect in the copy." *Cochran* v. *Davis*, 20 *Ga.* 581. In that case the copy was practically as ineffectual as in the present case, being without the signature of the clerk, but the court directed that the omission be supplied. This court has repeatedly recognized the right of the court below, in cases where there was no service of any kind, to pass an order amending the process and extending the time for service. See *Baker* v. *Thompson*, 75 *Ga.* 166 ; *Allen* v. *Mutual Loan & Banking Co.*, 86 *Ga.* 74. In the latter case it is said : If the court "was satisfied that the plaintiff had used due diligence to ascertain whether the declaration and process had been served, he then had a right to order the service perfected as was done. The granting of such a motion is largely within the discretion of the court." In the present case there can be no question of the proper exercise of this discretion. The original process being regular and the officer's return showing service, and it not appearing that the plaintiff knew of the omission complained of, no such lack of diligence is attributable to him as would call for the dismissal of his case. And so far as the defendant was concerned, no harm could ensue from the action of the court, the

notice provided for under the terms of the judge's order being quite as ample as he would have had if the case had been brought *de novo*.    *Judgment affirmed.*