## BRUNSWICK HARDWARE COMPANY *v.* BINGHAM.

It is too late for the trial judge to pass an order to perfect service on the defendant after seven terms of the court have elapsed since the filing of the declaration, when no legal reason is given for the delay.

Submitted March 20, — Decided April 10, 1900.

Complaint. Before Judge Bennet. Glynn superior court. August 5, 1899.

*J. H. Martin,* for plaintiff in error.
*Toomer & Reynolds,* contra.

SIMMONS, C. J.   It appears from the record that Bingham sued the Brunswick Hardware Co., and that his declaration was filed August 13, 1896.   Process was attached by the clerk, and a copy made and placed in the hands of the sheriff as required by law.   The sheriff returned it to the clerk's office with an entry to the effect that the defendant corporation had no public place of business in the county, nor any office nor any officer or agent upon whom service could be perfected.   When this return was made, the plaintiff undertook to make an affidavit as prescribed by section 1902 of the Civil Code, in order to perfect service by publication.   This paper appeared to have been sworn to before some one attesting it as a notary public of Wayne county, Michigan.   It was filed, and the court, at a subsequent term, ordered service to be perfected by publication in accordance with the above-cited section of the code.   This was done, and at the next term of the court judgment was rendered by default in favor of the plaintiff against the defendant.   This judgment was rendered at the May term, 1897.   At the December term, 1897, the' defendant made a motion to set this judgment aside, on the ground that the defendant had never been served according to law.   This motion was overruled, and the movant brought the case to this court.   Upon consideration here, it was adjudged that no legal service had been made upon the defendant company; that the so-called affidavit should not be treated as such, because there was nothing to authenticate the official character of the person attesting it as a notary public; that the subsequent proceedings by publication were unauthorized; and that the judgment was null and void and should have been set aside.   This

decision was made at the March term, 1899, of this court. See *Brunswick Hardware Co.* v. *Bingham,* 107 *Ga.* 270. The remittitur from this court was sent down and made the judgment of the lower court; whereupon the plaintiff moved the court to pass an order to perfect service upon the defendant company. This order was granted, and the defendant excepted.

Several cases of this character have been before this court, wherein it was decided that it was within the discretion of the court below to grant orders to perfect service when it appeared that the service had been too late for the term to which the writ was made returnable; but not one of them, as far as we can ascertain, involved the question as to whether the trial judge could order service perfected after the second term, except that of *Branch* v. *Mechanics' Bank,* 50 *Ga.* 413. In that case it appeared that five terms had elapsed since the filing of the declaration, and this court held that the plaintiff "is not entitled, after the lapse of five terms of the court, without having taken any further action or showing sufficient legal reason for the delay, to amend the process so as to make it returnable to the then ensuing term and to perfect service by publication under" the code. The present case is as strong or stronger. Two more terms of the court were allowed to elapse in this case than in that. No legal steps to perfect service were taken until the seventh term of the court after the declaration had been filed. It is true that an attempt was made to perfect service immediately after the return of the sheriff, but in this very case it was held that the proceeding was a nullity. The plaintiff and his counsel are chargeable with a knowledge of the law, and ought, therefore, to have known that an affidavit made before a notary public in Michigan, with nothing to authenticate his official character, could not in this State be the basis of any judicial action. Treating them as having knowledge of this, it can properly be said that they did nothing to perfect service from August 13, 1896, to June 27, 1899, at the seventh term of the court after the filing of the declaration. Objection was made to the motion to perfect service, not only because it was too late, but because the note sued on had been barred by the statute of limitations, more than six years having elapsed from the time of its maturity to the time when the motion to perfect service was made. While it is

true that the code declares that the filing of the suit shall be considered the commencement of the action, this court has in several cases decided that it depended upon whether or not there had been service upon the defendant; that the mere filing in the clerk's office did not make a real, live action until service had been perfected, when it would relate back to the time of the filing of the declaration. To allow a plaintiff simply to file his suit in the clerk's office on a cause of action which would within a few days become barred by the statute of limitations, to let it lie there for several years without taking any steps to have it served, and then to perfect service, would be virtually to repeal the statute of limitations. In treating upon this subject, in the case of *Branch* v. *Mechanics' Bank,* supra, Trippe, J., said: "We are fully aware of the great liberality allowed by law, and as shown by many of the decisions, as to amendments both of declarations and of process, and also as to perfecting service; but we do not think that any statute or decision has gone so far as to permit a plaintiff to file his petition and, after a return of no service by the sheriff, to await the expiration of five terms without any action whatever, and then, without any legal cause shown for the laches or delay, ask to be permitted to do that which could as well have been done, and should have been done, more than two years previously. It would be practically an avoidance of the statute of limitations, and would be in utter variance with and a total departure from all law and rules which exact diligence and condemn laches and neglect." The reasoning of the case just cited seems to be controlling in the present one. We think, therefore, that the court below erred in granting the order allowing the plaintiff to perfect service.

*Judgment reversed. All the Justices concurring.*