## SIMS *v.* SIMS.

1. Where process was duly issued in a case requiring personal service, but no service was made by reason of the defendant's absence from the State, the judge had the right, upon the return of the defendant to the State, to pass an order amending the process by making it returnable to the next term after the date of the order and providing for service.

2. Where it was sought in equity to set aside a judgment at law by reason of the absence, when the judgment was rendered, of the defendant and his counsel, on account of the serious illness of the latter, who had agreed to notify the defendant when it would be necessary for him to appear, but who was prevented from so doing by such illness, it should have appeared that the counsel was unable to notify the court of his condition.

3. The judge did not err in refusing the interlocutory injunction.

NOVEMBER 23, 1910.

Petition for injunction.    Before Judge Ellis.    Fulton superior court.    February 7, 1910.

*P. H. Brewster Jr.,* for plaintiff in error.

*W. M. Brand,* contra.

FISH, C. J. · On the petition of Bertha E. Sims against her husband, W. R. Sims, alleging that a state of bona fide separation existed between herself and the defendant, and praying for permanent and temporary alimony and attorney's fees and ne exeat, the judge, on November 23d, 1906, granted an order for the issuance of the writ of ne exeat, and that the husband show cause before the judge, on December 1st, 1906, why the prayer for temporary alimony and counsel fees should not be granted. The petition was filed on the date of said order, and was returnable to the January term, 1907, of the superior court of Fulton county, where six terms are held in each year. No further action was taken in the case until October 27th, 1909, when the judge passed an order reciting that it appeared that no service of the petition and order and of the writ of ne exeat had been made on the defendant, by reason of his absence from the State; that the clerk of the superior court of Fulton county amend the process so as to make it returnable to the January term, 1910, of that court; and that the defendant show cause before the judge, on November 6th, 1909, why the prayers of the petition should not be granted. The defendant, on October 27th, 1909, was served in the proceeding for alimony and counsel fees, and with the order of that date, and was arrested on the same date under the writ of ne exeat, and on that date executed the required ne exeat bond. The hearing was postponed from the 6th of November, 1909, to the 27th of the same month. The defendant did not then appear, nor did he file an answer. The trial judge on the last-named date rendered judgment against the defendant for given sums as temporary alimony and attorney's fee, and also rendered judgment against the defendant and the sureties on the ne exeat bond for like amounts. Subsequently the defendant brought his petition against the plaintiff, setting forth in substance the facts as above stated; and praying that the judgments be vacated and set aside, upon the ground that they were void because the judge, under the facts stated, had no power at the time to grant the order of October 27th, 1909, for the amend-

ment of the process in the original suit, making it returnable to the January term, 1910, and requiring the petitioner, who was the defendant in that proceeding, to show cause on November 6th, 1909, why the prayers of the petition in that proceeding should not be granted, and because the present petitioner (then defendant) appeared on November 6th, 1909, in the superior court, in obedience to the order, but that the case was not then called, and he was advised by his attorney at law that the case would go over and be called on motion in its order, and that his attorney would notify him in time for him to be present; upon which statements he absolutely relied. He was not so notified, however, by reason of the subsequent serious illness of the attorney; and this was the sole reason for his absence when the judgments were rendered against him. He had no notice of such judgments until too late to except to the same; his attorney, on the Monday preceding Saturday, the 27th of November, 1909, requested his father, who was also an attorney at law, to have all the business of petitioner's attorney "checked" for that week, on account of his sickness, which his father promised him to do, and subsequently informed him that it had been done. Petitioner had good cause to show why the judgments should not be rendered against him, namely, because he had never been served prior to the granting of the order of October 27th, 1909, to amend the process, etc., and therefore the judge had no power at that time to grant the same; and because on October 15th, 1909, he had been duly granted a total divorce from his wife by the circuit court of Cabell county, West Virginia, of which State he was then a citizen, she being duly served by publication; and petitioner had set up such defense in response to the order to show cause and in a motion by him to vacate such order. The petition also prayed that the enforcement of the judgments be enjoined. Upon the hearing for interlocutory injunction, the only evidence submitted as to the "checking" of the suit for alimony and counsel fees was an affidavit by the father of the attorney for the petitioner, to the effect that the son of the deponent informed him that the alimony proceeding "was on the calendar for trial some time during the November term of said court, and that he was sick, which fact was true to deponent's knowledge, and he wished the deponent to have the same continued on account of his absence; and deponent

told him that he would have some one in the office to attend to it. Deponent says that on the occasion he instructed some one in his office to attend to the matter, as he does not attend the rules, and such one said he would attend to the matter. Deponent never heard anything further about the case for a long time; and it has passed out of his mind, and he can not now recall which one of the firm he directed to attend to it; but he is certain some one to whom he gave the instructions did attend to it, as all matters pertaining to court are looked after in that way."

1. This court has repeatedly recognized the right of the trial judge, where there was process and no service, but some legal reason for the want thereof, to pass an order, at a term subsequent to the appearance term, amending the process and extending the time for service. *Branch* v. *Mechanics' Bank,* 50 *Ga.* 413; *Dobbins* v. *Jenkins,* 51 *Ga.* 203; *Baker* v. *Thompson,* 75 *Ga.* 164; *Allen* v. *Mutual Loan & Banking Co.,* 86 *Ga.* 74 (12 S. E. 265); *Lassiter* v. *Carroll,* 87 *Ga.* 731 (13 S. E. 825); *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772); *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912). As personal service is necessary in a proceeding for alimony and counsel fees, based upon the ground that the husband and wife are living in a bona fide state of separation (*Baldwin* v. *Baldwin,* 116 *Ga.* 471 (42 S. E. 727); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193)), absence of the defendant from the State, thereby preventing personal service, manifestly constituted sufficient legal reason for the delay in the proceedings against him. Of course, the writ of ne exeat had to be served personally. Therefore, the judge clearly had the right to pass the order of October 27th, 1909.

2. In *Phillips* v. *Taber,* 83 *Ga.* 565 (4) (10 S. E. 270), it was held, that to set aside a judgment for defendant's absence by reason of providential cause, it must be shown, not only that he was absent for such cause, but that he was unable to notify the court of his condition. Where it is sought to set aside a judgment by reason of the absence of the defendant and his attorney on account of the serious illness of the attorney, who had agreed to notify the defendant to appear, but who was prevented from so doing by such illness, it should appear that the attorney was unable to notify the court of his condition. In the present case

this did not appear, but, on the contrary, the attorney, while unable to appear, was able to notify the court of his condition and made a bona fide effort to do so, which notice, however, appears never to have reached the court. We are constrained, therefore, to hold that the absence of the defendant and his counsel under the circumstances stated was not sufficient to authorize the setting aside of the judgment. The facts of this case are unlike those in *Howell* v. *Ware & Harper,* 133 *Ga.* 674 (66 S. E. 884), and *Robinson* v. *Carmichael,* 134 *Ga.* 654 (68 S. E. 582), wherein it was shown that counsel for the defendant was not only unable to appear, but was so ill that he was unable to notify the court of his condition.

3.   The court, therefore, did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*