## WOOD *v.* WOOD.

1. Where a defendant in a cause moved to set aside a verdict, and the motion was not served, and no steps were taken to perfect service until after the lapse of several years, when an ex parte order for service of the plaintiff by publication was granted at the instance of the defendant, and the plaintiff promptly moved to vacate such order on the ground of the defendant's laches, and on the hearing the judge who granted the order vacated it as having been improvidently granted, this court will not reverse the judgment, except it be made to appear (which was not done in this case) that he abused his discretion.
2. In such a case it is not erroneous to further direct that the defendant's motion be stricken from the court's files.

MAY 15, 1913.

Motion to vacate order. Before Judge Bell. Fulton superior court. August 5, 1912.

*George F. Gober, Samuel F. Garlington,* and *Albert E. Mayer,* for plaintiff. *Rosser & Brandon* and *Ben J. Conyers,* for defendant.

EVANS, P. J. The exception is to a judgment vacating an order to perfect service on a non-resident defendant, as having been improvidently granted. On December 14, 1907, Mrs. Capitola L. Wood filed a petition in the superior court of Fulton county, against W. J. Wood, to set aside a verdict rendered in a divorce case on June 15, 1905. On May 3, 1912, application was made by her to have service perfected on the defendant by publication. An order was granted. The defendant made a special appearance, and, without admitting the jurisdiction of the court, moved to vacate

the order to perfect service on him, and that the proceeding in which the order was taken be dismissed. In his motion it was represented to the court, that at the time of the filing of the proceeding to set aside the verdict he was a resident of the State of Florida, and had resided there continuously up to the time of making his motion; that a return of non est inventus was made by the sheriff of Fulton county prior to the January term, 1908, of the court, and no attempt was made to perfect service of the proceeding to set aside the verdict until December 26, 1908, when the plaintiff procured an order directing that service of the petition and process be perfected by publication twice a month for two months, and that the case be made returnable to the March term, 1909, of the court. This order was not carried out; and notwithstanding Fulton superior court has six terms each year, the applicant in that case took no further action until May 3, 1912, when she procured an order from one of the judges of Fulton superior court, directing that service of the petition and process be perfected by publication, and that the case be made returnable to the September term, 1912, of the court. The order was obtained ex parte, and movant's first notice was the receipt of a paper containing a marked copy of the advertisement of the order on July 9, 1912; and thereupon he promptly moved to vacate the order and to dismiss the proceeding, on account of the applicant's laches in applying for an order to serve her motion, and because since she first filed her motion a final verdict and decree had been rendered in the divorce suit, granting a total divorce to the movant and awarding applicant $1,000 as permanent alimony, which verdict and decree had been affirmed by the Supreme Court of the State, and the amount of the alimony paid to the applicant's attorney. On the hearing the court vacated the order for the service of the proceeding to set aside the verdict, and dismissed the proceeding. Exception is taken to this judgment.

It is within the power of a judge of the superior court at the appearance term or at a subsequent term, where due diligence is shown, to grant an order authorizing a new process to issue, and that the defendant be served. *Allen* v. *Mutual Loan Co.,* 86 *Ga.* 74 (12 S. E. 265) ; *Lassiter* v. *Carroll,* 87 *Ga.* 731 (13 S. E. 825) ; *Rowland* v. *Towns,* 120 *Ga.* 774 (47 S. E. 581). The plaintiff must be diligent in looking after his case. If without excuse he allows

several terms of court to pass before applying for an order to per-·fect service, his laches ordinarily will be good ground for denying his motion to revitalize his suit by the grant of an order to have the defendant served. In *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772), no steps were taken to perfect service until the seventh term after the declaration had been filed, and the plaintiff's motion to have service perfected was denied. In that case the court said: "To allow a plaintiff simply to file his suit in the clerk's office on a cause of action which would within a few days become barred by the statute of limitations, to let it lie there for several years without taking any steps to have it served, and then to perfect service, would be virtually to repeal the statute of limitations." This remark is especially applicable to the facts of the instant case. A motion to vacate a judgment must be made within three years, and yet a longer space of time has elapsed since the filing of Mrs. Wood's petition in this case and her application to have service perfected by publication. The motion to set aside the order was made to the judge who passed it. Upon being put in full possession of the facts he was of the opinion that the order was improvidently granted, and there is nothing in the record to show that he abused his discretion in so holding.

It is further contended that the judgment complained of is erroneous for the reason that the court was without jurisdiction to dismiss the cause upon a special appearance of the movant. It is true that one who makes a special appearance for the purpose of protesting against an illegal service can not join issue with the plaintiff on the merits of the case; but where a petition has been allowed by a plaintiff to remain without service being perfected on the defendant for many years before applying for an order to have the defendant served, and the order is granted ex parte, and is afterwards set aside as having been improvidently granted, the court may give direction to have the same stricken from the files. The substantial effect of an order striking the case from the files of the court is the same as dismissing the action. The judgment will not be reversed. *Judgment affirmed. All the Justices concur.*