22708. DUREN v. POLLOCK.

DECIDED APRIL 5, 1933.

708

*Hay & Gainey,* for plaintiff in error. *Hay & Forrester,* contra.

SUTTON, J. (After stating the foregoing facts.) Upon every petition the clerk shall endorse the date of its filing in office, which shall be considered the time of the commencement of the suit. Civil Code (1910), § 5551. But this is so only where service is had on the defendant. *Branch* v. *Mechanics Bank,* 50 *Ga.* 413, 416; *Ferguson* v. *New Manchester Mfg. Co.,* 51 *Ga.* 609. To every petition the clerk shall annex a process (unless the same be waived), signed by the clerk or his deputy, and bearing test in the name of the judge of the court, which shall be directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court. Civil Code (1910), § 5552. So where a petition was filed in a court and process was regularly issued by the clerk, returnable to the June term, 1931, of that court, and attached to the petition, and at the June term of the court it was discovered that a copy of

the petition and process had not been served upon the defendant, it was proper for the judge to pass an order directing that the defendant be served with a copy of the petition and that the next term of the court be made the return or appearance term of the case. The court had jurisdiction of the case at the time it passed the order, the same having been filed and process regularly issued and annexed to the petition. The plaintiff's counsel exercised due diligence by calling to the court's attention the fact that the defendant had not been served and asking that such an order be passed extending the return term until the next term. The fact that the order of the court did not specifically provide that the clerk amend the old process by changing it to make the next term of the court the return term, or by issuing a new process, and that a copy of the petition and process be served on the defendant, did not have the effect of rendering the order ineffectual. The natural intent and meaning of the order was that the clerk should issue a new process or amend the old one, making the return term the next term of the court, and that the defendant be served with a copy of the petition and process, the order specifically reciting that "It appearing that service has not been perfected on the defendant, it is hereby ordered that the defendant be served with a copy of the within petition and that the September term be made the return term." This court has repeatedly recognized the right of the trial judge, where there was process and no service, to pass an order, at a term subsequent to the appearance term even, amending the process and extending the time for service. *Baker* v. *Thompson,* 75 *Ga.* 164; *Atlanta &c. Ry. Co.* v. *Harrison,* 76 *Ga.* 757 (2) ; *Allen* v. *Mutual Loan &c. Co.,* 86 *Ga.* 74 (12 S. E. 265) ; *Peck* v. *LaRoche,* 86 *Ga.* 314 (12 S. E. 638) ; *Lassiter* v. *Carroll,* 87 *Ga.* 731 (13 S. E. 825) ; *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772) ; *Rowland* v. *Towns,* 120 *Ga.* 74 (47 S. E. 581) ; *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870) ; *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545) ; *Russell* v. *Life Ins. Co. of Va.,* 34 *Ga. App.* 640 (130 S. E. 689). The fact that the defendant was not served with a copy of the judge's order extending the time of service, but only with a copy of the petition and new process, affords him no room for complaint, and was at the most nothing more than a mere irregularity. *Singer Sewing Machine Co.* v. *Rosenberg,* 28 *Ga. App.* 424 (111 S. E. 925).

It follows that the court properly sustained the traverse of the plaintiff and dismissed the defendant's plea in abatement.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*