20358. THOMPSON *v.* THOMPSON.

Argued February 9, 1959—Decided March 6, 1959.

*Myrick, Myrick & Richardson,* for plaintiff in error.
*Alton D. Kitchings,* contra.

Almand, Justice. The judgment under review is one dismissing the petition of the plaintiff in error for a divorce.

L. A. Thompson filed his suit for a divorce against M. E. Thompson in Chatham Superior Court on September 10, 1958. The suit was docketed as No. 332. Process was issued, and the sheriff's return shows that the petition was personally served on

the defendant on November 17, 1958. M. E. Thompson filed her suit for divorce, temporary and permanent alimony, and for custody of their minor children against L. A. Thompson on September 10, 1958. This suit was docketed as No. 336. Process was issued, and L. A. Thompson was personally served on September 15, 1958.

L. A. Thompson filed a motion to dismiss the suit of M. E. Thompson, which the court treated as a plea in abatement, on the grounds that the two suits were between the same parties, upon the same cause of action, and since his suit was pending at the time the wife's suit was filed, her suit should be dismissed (abated). The trial judge found as a matter of fact that the husband's suit was filed first, and that after service the time from which the action is pending relates back to the time of filing; and sustained the husband's motion to dismiss (abate) his wife's suit.

It is contended by the wife that, since the petition and process in her suit were served on the husband prior to the time she was served with the petition and process in his suit, her action was pending first, and his suit and not hers should be abated.

Code § 24-2714(5) requires the clerk of the superior court to keep an issue docket, on which shall be placed all civil cases pending in their respective courts, in which an issue to be tried by a jury is made or likely to be made, and all cases shall be entered and stand for trial in the order in which they come into court, without reference to the nature of the case. Code § 81-112 as amended (Ga. L. 1946, pp. 761, 767) provides that the clerk shall indorse upon every petition the date of its filing in office, "which shall be considered the time of the commencement of the suit." This court has held that the time of the commencement of a suit is the date of filing as entered upon the petition where such filing is followed by appropriate service. *Cox* v. *Strickland,* 120 *Ga.* 104 (7, 10) (47 S. E. 912, 1 Ann. Cas. 870); *Sweat* v. *Barnhill,* 171 *Ga.* 294 (6) (155 S. E. 18).

The record in this case discloses that both suits were filed on September 10, 1958, during the September term of Chatham Superior Court, the husband's suit being filed prior to the wife's suit; and that, after a purported service on the wife of the hus-

band's suit on September 22, 1958, she filed a traverse to the return of service and on November 17, 1958, still during the September term of court, pursuant to an order of the court, the wife was personally served with a copy of the petition and process in the husband's suit. Under these facts, which the court found to be true, the husband's action for divorce was pending at the time the wife's suit was filed, and it was not error to dismiss or abate the wife's suit.

*Judgment affirmed. All the Justices. concur.*