38406. DOUGLAS MOTOR SALES, INC. *et al.* v. ROMY HAMMES CORPORATION.

38407. PEOPLES LOAN & FINANCE CORPORATION *et al.* v. ROMY HAMMES CORPORATION *et al.*

DECIDED SEPTEMBER 13, 1960—REHEARING DENIED OCTOBER 5, 1960.

*Robert L. Scoggin, James Maddox,* for Douglas Motor Sales, Inc.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for Peoples Loan &c. Corp.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* for Romy Hammes Corp.

FELTON, Chief Judge. ■ In support of their motion to quash the new process the defendants McCoy and Peoples Loan & Finance Corporation contend that since the prayers of the amendment itself do not contain a prayer for the issuance or service of process, the clerk was without authority to issue the new process of June 25th. This argument is without merit. In *McCoy v. Romy Hammes Corp.,* 99 Ga. App. 513, 516, supra, this court stated that "the proper procedure would have been for the plaintiff to amend his prayer for process so that legal process could issue." In *Seaboard Air Line R. Co. v. Hollomon,* 95 Ga. App. 602, 604 (98 S. E. 2d 177) it was said: "Should the plaintiff amend its prayer for process before the judgment of this court is

made the judgment of the trial court the clerk would be authorized to issue valid process as of the time of the amendment." The plaintiff has complied with the procedure set forth in these opinions by specifically amending his prayer for process to issue in the manner provided by law. It is not necessary in addition thereto that the prayers of the amendment itself should pray for issuance of process.

The procedure followed in this case is not an attempt to give validity to the original void process. *Burch v. Crown Laundry*, 78 Ga. App. 421, 425 (50 S. E. 2d 768). Nor does it seek to add new and distinct parties to a pending action so as to come within the prohibition of *Code* § 81-1302. The defendants as to whom process was sought by the amendment were parties to the original action until such time as the judgment of this court sustaining their motion to quash the original process was made the judgment of the superior court. Since the amendment to the prayer for process was allowed prior to that time it does not have the effect of adding new parties. The court did not err in sustaining the plaintiff's demurrer to the motion to quash the new process and the amended plea to the jurisdiction and in overruling the motion to disallow the plaintiff's amendment.

■ The defendants McCoy and Peoples Loan insist upon 13 grounds of special demurrer to the amended petition. Since the ruling of this court on their motion for a judgment n.o.v. will dispose of the case favorably to these defendants, errors, if any, in overruling their various special demurrers cannot be prejudicial.

■ At the conclusion of all the evidence, the defendants Peoples Loan and McCoy moved for a directed verdict, which motions were denied, as was a subsequent motion for a judgment n.o.v. This court is of the opinion that the evidence did not authorize a verdict for the plaintiff against these two defendants and that their motions for a judgment n.o.v. should have been granted.

No connection is shown between Peoples Loan & Finance Corporation and the automobiles in question except for the fact that two of the cars purchased by Douglas Motor Sales from the plaintiff were sold by Peoples Loan under and by virtue of

its bills of sale to secure debt on both of the cars dated July 25 and 30, 1957. There is no evidence to indicate that payment of the Douglas Motor Sales checks to the plaintiff for the purchase price of these and other automobiles had been refused prior to the time that they were "floor-planned" and the bills of sale to secure debt were executed in favor of Peoples Loan. Likewise, there is nothing to show that either Peoples Loan or the defendant McCoy had knowledge that payment of the checks had been refused at the time of the foreclosure on August 5th. The mere fact that McCoy was vice-president and director of Douglas Motor Sales and vice-president and manager of Peoples Loan & Finance Corporation, with access to the books of both companies, does not indicate knowledge by him that payment of the checks had been refused.

The sales transaction between the plaintiff and Douglas Motor Sales was in the nature of a conditional-sale agreement reserving title in the plaintiff until payment of the check for the purchase price of the automobiles. This agreement, as far as the evidence discloses, was not reduced to writing or recorded in any manner. This being true and there being nothing to show that either of these defendants acted in bad faith in the foreclosure proceedings, this case must come within the principle expressed by the Supreme Court in *Mize v. Paschal,* 206 Ga. 189 (2) (56 S. E. 2d 266): "Where personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until payment of the purchase price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law. *Code* §§ 67-1401, 67-1402; [citations] . . . and it is a settled rule of law that, in the absence of such record, the plaintiff vendor [in a trover action] is not entitled to prevail against one who acquired the property in good faith and for a valuable consideration [citations.]"

In view of this ruling on the motion for a judgment n.o.v. the amended motion for a new trial on the part of defendants Peoples Loan and McCoy will not be passed upon.

■ The general grounds of the amended motion for a new trial on the part of the defendants Douglas Motor Sales, Inc.,

and Douglas Dennard have been abandoned. Special ground 1 complains that the court permitted the plaintiff to call L. E. Womack for cross-examination as an agent of the defendant Douglas Motor Sales and to so cross-examine him. This ground avers that as soon as the witness was called the movants objected to his being cross-examined as an agent of a defendant unless and until there was a preliminary showing that he was such an agent. It is further averred that "a preliminary examination of the witness was made by counsel for plaintiff, whereupon the court ruled that the witness could be cross-examined as an agent of Douglas Motor Sales, Inc.," but the ground contains no statement of the evidence elicited on this preliminary examination, upon which the ruling of the court now excepted to was based. Under these circumstances the propriety of the ruling allowing cross-examination of the witness cannot be determined. This special ground is therefore incomplete and will not be considered by this court.

■ In *Douglas Motor Sales v. Cy Owens, Inc.*, 99 Ga. App. 890 (109 S. E. 2d 874) this court held that under a transaction like the one now before us involving these same defendants, "when payment was stopped on the check, after the defendants were in possession of the automobiles, as shown by the evidence, a conversion of the automobiles was established by the plaintiff and a prima facie case was made out by the plaintiff, which was not overcome or contradicted by the defendants." The evidence in the present case demands a finding that all the automobiles sued for were sold and delivered to the defendant's agent in South Bend, Ind., and that the checks in payment of the purchase price were returned by the bank unpaid for insufficient funds. Under the principle above stated, a verdict in favor of the plaintiff is demanded and the remaining special grounds of the amended motion for a new trial, which assign error upon portions of the charge and upon alleged denial of the right to open and conclude, will not be considered.

*Judgment in Case No. 38406 affirmed. Judgments in Case No. 38407 affirmed in part and reversed in part. Nichols and Bell, JJ., concur.*