40228.   BURROW v. DICKERSON.

DECIDED JULY 9, 1963.

Hurt, Baird & Peek, Benj. B. Blackburn, III, Joe Freeman, for plaintiff in error.

Francis Y. Fife, Sidney T. Schell, contra.

EBERHARDT, Judge. This is a malpractice case against a dentist in which the issue relates to service of process. The cause of action arose between June 25 and July 5, 1959. The original petition was filed June 22, 1961, and contained the following prayers for process: "(a) That process issue requiring the defendant to be and appear at the next term of court to answer this complaint; and, (b) That service be perfected on defendant as provided for by law."

The clerk issued process under Code Ann. § 81-201 requiring defendant to answer within 30 days. This process was served on the defendant. On July 21, 1961, the defendant filed a motion to quash on the ground that the process issued was not prayed for in the petition. Plaintiff tendered and filed an amendment praying proper process on June 22, 1961, which amendment was allowed on March 11, 1963. Service was also perfected on that date.

The defendant then filed a two-fold motion to strike the amendment to the prayer on the grounds that: (a) since lawful process never issued prior to March 11, 1963, the action was barred by the statute of limitation, and, (b) plaintiff was guilty of laches. The trial court overruled the motion, along with a plea in bar and general demurrer raising the same points, and this order is here for review.

■ ■ Despite the 1946 Act (Code Ann. § 81-201), any number of cases have arisen where process was prayed under the former

law. The cases have uniformly held that if process now required by *Code Ann.* § 81-201 is issued under such prayer, it is defective and subject to a motion to quash. E.g., *Malcom v. Knox*, 81 Ga. App. 579 (59 SE2d 542) ; *Seaboard Air Line R. Co. v. Hollomon*, 95 Ga. App. 602 (98 SE2d 177) ; *McCoy v. Romy Hammes Corp.*, 99 Ga. App. 513 (1) (109 SE2d 807) ; *Lee v. Wade*, 104 Ga. App. 375 (121 SE2d 694) ; *Cook v. Jackson*, 107 Ga. App. 251 (1) (129 SE2d 553). See, Leverett, Hall & Christopher, Ga. Procedure & Practice 33, § 2-15 (1957 and Atkinson's 1963 Supp.). All of these cases state that the defective prayer is subject to amendment, as was done here, or is cured by judgment. Even the complete lack of a prayer for process is amendable. *Crown Laundry v. Burch*, 205 Ga. 211 (1) (53 SE2d 116), distinguishing *Nicholas v. British Amer. Assur. Co.*, 109 Ga. 621 (34 SE 1004) relied on by defendant. However, in none was the situation presented where, as here, the amendment was allowed and proper process issued after the period of the statute of limitation had run.

■ When a suit is filed before the bar of the statute of limitation attaches but service is not perfected until after the period of the statute has run, the service relates back to the time of filing and the action is not barred. *Ellis v. McCrary*, 52 Ga. App. 583 (2) (183 SE 823). See *Waldon v. Maryland Cas. Co.*, 155 Ga. 76 (1) (116 SE 828) ; *Thompson v. Thompson*, 214 Ga. 776, 777 (107 SE2d 655) and citations. We think this principle applies here, especially since the defendant as to whom process is sought by the amendment is a party to the original action until a motion to quash is sustained. *Douglas Motor Sales v. Romy Hammes Corp.*, 102 Ga. App. 536, 540 (117 SE2d 224). This is especially true since the allowance of amendments of the sort proffered here are largely within the discretion of the trial court. *Allen v. Mutual Loan &c. Co.*, 86 Ga. 74 (12 SE 265) ; *Lassiter v. Carroll*, 87 Ga. 731, 733 (13 SE 825) ; *Wood v. Wood*, 140 Ga. 59 (1), 60 (78 SE 416) and citations; *Duren v. Pollock*, 46 Ga. App. 706, 709 (169 SE 44). Certainly the defendant has had notice of the pending suit since the initial service, and the amendment allowed and proper service overcame his technical objection.

■ Defendant also contends that the plaintiff was guilty of laches in failing to proceed for some twenty months after the original service, citing *Branch v. Mechanics Bank*, 50 Ga. 413. In *Branch*, there was no service of any process because of a return of non est inventus and the plaintiff sought to amend his prayer five terms later for service by publication. These facts distinguish the case for, as Justice Lumpkin said in *White v. Hart*, 35 Ga. 269, 271, "if there be a legal cause of action set out in the declaration, and the defendant has had notice of the pendency of the suit, all other objections are to be disregarded, by so amending the proceedings as shall subserve the ends of justice."

The record shows that the amendment was tendered and filed almost simultaneously with the original petition, was later allowed and service perfected before any ruling on the motion to quash. We do not think the plaintiff guilty of laches.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*