A90A0976. DYER et al. v. PAFFENROTH.

(399 SE2d 710)

McMURRAY, Presiding Judge.

On September 16, 1988, Donald H. Paffenroth, individually and in his capacity as a shareholder of and on behalf of MDM Associates,

Inc. (plaintiff), filed a multi-count action in the Superior Court of Fulton County against Ernest W. Dyer, individually and in his capacity as an officer and director of MDM Associates, Inc., MDM Associates, Inc., and MDM Enterprises, Inc. (defendants). The action was designated Civil Action File No. D-61315. Defendants received notice of the suit shortly after it was filed, but were not served with process until September 21, 1988. Defendants denied the material allegations of the complaint and counterclaimed, alleging that plaintiff Paffenroth committed various transgressions against defendants Dyer and MDM Associates, Inc.[1]

On August 24, 1989, plaintiff dismissed his action against defendants, without prejudice, and filed a motion to dismiss defendants' counterclaim. Plaintiff argued that the counterclaim should be dismissed because "[o]n May 5, 1989, [the Superior Court of Fulton County] entered an order in the case of *Donald H. Paffenroth v. Ernest W. Dyer, et al.*, Superior Court of Fulton County, Civil Action File No. D-33389 which held that D-33389 was the prior pending action rather than this action which is D-61315. [Plaintiff further asserted that in] so doing the Court denied the Motion for Summary Judgment filed on behalf of the Defendants regarding civil action number D-33389 wherein they contended [that Civil Action File No. D-61315] was the prior pending action." In response, defendant Dyer admitted that the Superior Court of Fulton County had ruled adversely to defendants in Civil Action File No. D-33389, finding that Civil Action File No. D-33389 was a prior pending suit to Civil Action File No. D-61315. However, he argued that Civil Action File No. D-33389 is not a prior pending suit because defendants were not served with process within a reasonable time after the filing of the complaint and because service of process was not made until after the filing of Civil Action File No. D-61315.

The trial court granted plaintiff's motion to dismiss, taking judicial notice of its ruling in Civil Action File No. D-33389 that Civil Action File No. D-33389 "is a prior suit pending . . ." to Civil Action File No. D-61315. Defendants filed an appeal from this order and the trial court later filed a consent order, directing that designated portions of the record in Civil Action File No. D-33389 be forwarded to the Court of Appeals of the State of Georgia as part of the record on appeal.

Pertinent portions of the record in Civil Action File No. D-33389 show that the action was filed on July 24, 1986; that the parties are

---

[1] As an eighth defense, defendants asserted that "[a]djudication of [plaintiff's] claims should be stayed by the pendency of [a] previously filed [action] between the same parties and involving the same claims, namely, Civil Action File No. D-33389 in the Superior Court of Fulton County. . . ."

the same as the parties in Civil Action File No. D-61315 and that plaintiff's allegations are virtually identical to the allegations of Civil Action File No. D-61315. The record also shows that service of process was perfected in Civil Action File No. D-33389 on September 21, 1988, at 9:10 a.m., the same moment service was perfected in Civil Action File No. D-61315. *Held*:

1. In a sole enumeration, defendants contend that Civil Action file No. D-33389 was not a prior pending suit because service was not made within five days after the complaint was filed as is required for relation back under OCGA § 9-11-4 (c). More specifically, defendants "submit that a suit is deemed commenced as of the date it is filed only if service of process is perfected diligently and within a reasonable time (five days is the statutory presumption for in state service), and that otherwise a suit is not deemed commenced until the date service of process is perfected." Defendants thus reason that Civil Action File No. D-61315 was pending first because service was completed within five days of filing. This contention is without merit.

The five-day relation back doctrine of OCGA § 9-11-4 (c) applies in cases where service is completed outside the applicable statute of limitation. See *Childs v. Catlin*, 134 Ga. App. 778, 780, 781 (216 SE2d 360). Further, "[t]he time of the commencement of the suit is the date of filing as entered upon the petition, where such filing is followed by appropriate service." *Thompson v. Thompson*, 214 Ga. 776 (107 SE2d 655). In the case sub judice, the statute of limitation is not an issue and there is no question that service was properly made in Civil Action File No. D-33389. Consequently, the trial court did not err in dismissing defendants' counterclaim. Civil Action File No. D-33389 is a prior pending suit to Civil Action File No. D-61315. See OCGA § 9-2-5 (a).

2. Plaintiff has filed a motion to dismiss MDM Enterprises, Inc. as a party to this appeal, arguing that MDM Enterprises, Inc. was not a party to the counterclaim, and therefore, was not affected by the trial court's order of dismissal. We agree.

An examination of the counterclaim indicates that MDM Enterprises, Inc. was not a party to the complaint. Consequently, since this appeal is from the dismissal of the counterclaim, MDM Enterprises, Inc. is hereby dismissed as a party-appellant.

*Judgment affirmed; motion to dismiss granted. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I concur with the majority's conclusion that the trial court did not err in dismissing defendant's counterclaim, but I cannot join the reasoning of the majority. Usually, a determination of the pendency of a prior suit is based upon procedural grounds. However, in this

case, a court had *already* decided that Civil Action File No. D-33389 was the prior pending action. Thus, in this case, Civil Action File No. D-61315, appellant is attempting to *collaterally* attack the prior order entered in Civil Action File No. D-33389. A collateral attack is prohibited unless the order which is the subject thereof is *void.* OCGA § 9-11-60. The prior order in this case was clearly not void. Accordingly, the trial court was bound by the doctrine of res judicata and had no alternative but to dismiss the counterclaim in Civil Action File No. D-61315.

DECIDED NOVEMBER 15, 1990 —
REHEARING DENIED DECEMBER 5, 1990 — 

*Alston & Bird, Jay D. Bennett, John E. Stephenson, Jr.*, for appellants.
*Bedford, Kirschner & Venker, Thomas J. Venker*, for appellee.