·No. 9.—WRIGHT BRADY, plaintiff in error, *vs.* HARDEMAN & HAMILTON, defendants in error.

[1.] Where there is no process annexed to or accompanying the petition, and no waiver of process, the whole proceeding is radically defective, and advantage may be taken of it, at any stage thereof.

Complaint in Sumter Superior Court. Decision by Judge PERKINS, at September Term, 1854.

Hardeman and Hamilton filed their petition against Wright Brady; Brady acknowledged service, "waiving copy and copy process." After verdict and judgment, Counsel for Brady moved to set aside the verdict and vacate the judgment, on the ground that there was no original process issued in this case. The Court over-ruled the motion, and this decision is assigned as error.

B. HILL, for plaintiff in error.

DUDLEY, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] In this case, the plaintiff in error acknowledged service of the petition, and waived a copy of same and of process. But the process itself he did not waive.

In the case of *William G. Little vs. Bryant Ingram*, decided at Decatur Term, 1854, we have given, at some length, the reasons which we suppose influenced the Legislature in requiring that a process having, in substance, such requisites as prescribed by them should accompany every declaration, and in enacting, that if the defendant were brought into Court by a proceeding issuing forth in any different manner, it vitiated the whole proceeding, and (unless the process were waived,) rendered the same null and void. To that judgment we refer for these reasons.

In addition to the reasons there assigned, I add, that one of this Bench holds the opinion that it was the intention of the Legislature, also, to require that the process should be annexed by the Clerk to the petition, the practice having been previously loose in this regard.

There was no process · annexed or accompanying this proceeding. The defendant did not waive such process. The whole proceeding being therefore radically defective, advantage might be taken of it, at any stage of the case, and the judgment should have been vacated.