## SCARBOROUGH *vs.* HALL.

Where the clerk failed to attach any process to the declaration, and it was served alone, it was not competent to amend at a subsequent term by attaching process and ordering service.

Amendment. Pleadings. Practice in Superior Court. Before Judge SIMMONS. Crawford Superior Court. March Term, 1881.

Reported in the decision.

SMITH & STROUD, for plaintiff in error.

W. S. WALLACE, for defendant.

SPEER, Justice.

D. B. Hall, defendant in error, brought his action of complaint against M. P. Scarborough on a promissory note, returnable to the March term, 1880, of Crawford superior court, and the same was filed in office on the 26th February, 1880. No process was attached to said writ, but service of a copy of the writ was made personally on the defendant on the first of March, 1880, and due return made thereof by the sheriff. There was no appearance for defendant until the March term, 1881, when, by his counsel, he moved to dismiss said writ for failure of the clerk to annex process. Whereupon counsel for plaintiff below moved the court for an order for the clerk to attach a process to said declaration, and that a copy of said declaration, with process attached, be served upon the defendant twenty days before the next term of the court, which order the court allowed, and refused to dismiss said writ. Whereupon defendant below excepted, and assigns as error, first, the court's refusal to dismiss said declaration; and, second, the granting of the order allowing said process to be attached and defendant to be served twenty days before the next term of the court.

Plaintiff in error relies upon section 3490 of the Code, in the following words: "Void process, or where there is no process or waiver thereof, cannot be amended." But if service be acknowledged by the defendant, and upon hearing testimony the court becomes satisfied that process was waived by defendant, and that, at the time such service was acknowledged, by accident or mistake the entry of such waiver was omitted, such omission may be supplied by amendment, *nunc pro tunc*.

This is an effort to amend a writ by attaching a process where none existed, a year after the declaration was filed.

By the letter of the Code it seems "where there is a

void process, or where there is no process or .waiver thereof, it cannot be amended;" the words are imperative and must control, and whatever may be our opinion of the policy of the law we can only enforce it as written.

Judgment reversed.