## FEBRUARY TERM, 1882. · 825

Johnson *vs.* Jones *et al.*—Bosworth *et al. vs.* West ; etc.

### JOHNSON *vs.* JONES *et al.*

1. A verdict in an ejectment case that "we, the jury find for the plaintiff," is, in effect, a finding in favor of the plaintiff for the premises in dispute, and the property being sufficiently described in the declaration, the verdict is not void for uncertainty. 17 *Ga.*, 340.
2. Prior lawful possession of land alone is sufficient to support an action of ejectment against a mere intruder who takes possession by force, and who shows no better title. Code, §3014.

SPEER, Justice.

### BOSWORTH *et al. vs.* WEST.

Suit was brought against three persons as partners on notes executed by one of them. All three were served. The existence of the partnership was contested, but the evidence showed that if there was a partnership all three defendants were members ; the verdict was against two, omitting the defendant who made the notes sued on.

*Held,* that it was contrary to the evidence.

JACKSON, Chief Justice.

### REESE *et al.*, for use, *vs.* KIRBY.

1. The finding of the judge, presiding without a jury, was supported by the evidence.
2. Where a suit had been pending in court for over ten years without process, and no plea had been filed, or defence made by the defendant, it was proper to refuse to allow process to be attached and to grant time to perfect service. Code, §3490 ; 67 *Ga.*, 576.
3. Where a rule *nisi* to establish a lost note is answered, and a defence made thereto, such appearance and pleading by the defendant in that proceeding will not cure the failure to attach process to a suit on the note sought to be established. The proceedings are different, and a defence to one does not waive process to the other.

CRAWFORD, Justice.