McGhee *vs.* The Mayor, etc. of Gainesville.

McGhee *vs.* The Mayor, etc. of Gainesville.

1. Where a declaration was filed in office, but no process was attached thereto, no service effected, and no waiver made, the proceeding was void, and was properly dismissed at the trial term for that reason. Such a want of process and service was not amendable.

2. Where a declaration, claiming damages for an injury sustained by reason of a hole left open in a street of a city, was filed in the clerk's office before the bar of the statute of limitations attached, but no process was issued or service perfected, and no waiver thereof was made, and the proceeding was dismissed at the trial term for that reason, this did not constitute the pendency of suit so as to prevent the bar of the statute from arising and give the plaintiff the right to bring a second action within six months from the dismissal of the first. Where the declaration in the second action showed on its face that the period of limitation had expired before it was brought, it was demurrable.

(*a*) This case is not controlled by that of *Wynn vs. Booker*, 22 *Ga.* 359. The facts of that case were different, and it arose before the adoption of the code.

April 2, 1887.

Actions. Process. Service. Nullities. Statute of Limitations. Before Judge Estes. Hall Superior Court. August Term, 1886.

Reported in the decision.

C. D. Hill; H. C. Glenn; W. F. Findley, for plaintiff in error.

H. H. Perry, for defendants.

Hall, Justice.

Just before his alleged cause of action was barred, McGhee brought suit against the Mayor and Council of Gainesville for a personal injury sustained by him in consequence of a hole having been negligently left in the street, not protected by boards or lights so as to give warning of its dangerous condition. The declaration was filed

in office and the filing marked on it by the clerk. Nothing was done with it at the appearance term; but at the trial term, it was dismissed for want of process and of service on the defendant. Within six months from the dismissal, another suit for the same cause of action was instituted. When that case was called for trial, a demurrer was filed to it, upon the ground that it appeared from the face of the declaration that the action was barred by the statute of limitations. The court sustained this demurrer and dismissed the action; and that judgment on the demurrer makes the question we are called upon to decide.

1. There is no doubt that the dismissal of the first action was proper. Under section 3490 of the code, it is provided that "void process, or where there is no process or waiver thereof, cannot be amended, but if service be acknowledged by the defendant, and upon hearing testimony, the court becomes satisfied that process was waived by the defendant, and that at the time such service was acknowledged, by accident or mistake the entry of such waiver was omitted, such omission may be supplied by amendment *nunc pro tunc.*" There was no service of this writ; there was no attempt to serve it; nor was there any attempt made to supply the omission of this process by amendment, and if there had been, the amendment could not have been allowed. We think the first suit was void for the want of process or the waiver thereof.

This question was considered by two judges in the case of *Mitchell vs. Long, ex'r,* 74 *Ga.* 94; and although we differed as to its application to that case, the process being defective in one respect, yet we held that want of process and the failure to waive the service, or to appear and plead, was not amendable; that it rendered the suit void, and the deficiency could not be supplied. We there said: "It is a fundamental principle of the law of amendments that there must be something to amend by (code, §3479), for how can a thing that has no existence be amended? The difference between creation and reformation is real

and substantial, and is, moreover, self-evident. The cases in which a want of process has been held to render proceedings void, both before and since the adoption of the code, are numerous (citing). The judiciary act of 1799, Cobb's Dig. 471, provided in terms that 'a process issuing in any other manner than therein directed should be null and void.' Before the interposition of the legislature, such process could not be waived, even in writing, nor would appearance and pleading supply its want. Now the defect is cured either by written waiver or appearance and pleading. This is so well established that it would be waste of time to cite cases to the point, other than those referred to in code, §3335. Under this legislation, the codifiers felt authorized to omit from the section of the code, 3334, prescribing the requisites of process, the provision contained in the judiciary act of 1799, declaring that process issuing otherwise than as directed should be null and void. This provision was purposely omitted and, as we have seen, for good and sufficient reasons. The power to amend process, given in sub-section 6, §206 of the code, is fully as broad and liberal as that allowed for the amendment of other pleadings. It is true that the code, §3490, declares that 'void process, or where there is no process or waiver thereof, cannot be amended.' But this section should be construed with others in *pari materia.*" We hold in this case that want of process rendered the proceeding void.

2. It is only where a suit is pending and the cause of action is barred during its pendency, that the plaintiff, after the suit has been dismissed or discontinued or a nonsuit suffered, is entitled to avoid the statute of limitations by renewing the suit within six months from the dismissal, discontinuance or nonsuit. In this case, there never was any suit pending. The statute does not look to the commencement of suits at all, but rather to their pendency when disposed of by nonsuit, etc. And we think that counsel were mistaken in supposing that the case was

covered by the decision of this court in *Wynn vs. Booker*, 22 *Ga.* 359. There the party had been served, or the testator of the party had been brought into court. He had gon e on and litigated. It is true, there was no process there, but that was before the code; and inasmuch as there was a suit pending there, the court held that he was saved from the bar of the statute by instituting the suit within six months after the final dismissal.

But be that as it may, this case was determined before the adoption of the code; and it seems to have been departed from, so far as it was in conflict with the provisions of the code, by decisions subsequently rendered, which are cited in the briefs of counsel.

We see no error in the dismissal of this suit, and therefore direct that the judgment be affirmed.

Cited in brief for plaintiff in error: Code, §§2932, 3333 ; 67 *Ga.* 576; 22 *Id.* 359 ; 37 *Id.* 32 ; 51 *Id.* 609 ; 50 *Id.* 262.

Cited for defendant in error: Code, §§3060, 2932, 3345; 58 *Ga.* 148; 71 *Id.* 89; 56 *Id.* 187, 188; 50 *Id.* 416; 51 *Id.* 609; 63 *Id.* 160 ; 46 *Id.* 126; 58 *Id.* 149; 50 *Id.* 262 ; 22 *Id.* 363; 53 *Id.* 293; 58 *Id.* 149 ; 67 *Id.* 576.