## NICHOLAS *v.* BRITISH AMERICA ASSURANCE CO.

Where a petition setting out a cause of action has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of its filing. But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending. The filing of the petition without more does not operate to commence a suit; nor has the judge in such a case authority, at or after the return term, to order a new process to issue.

Argued December 13, 1899.— Decided January 27, 1900.

Action on insurance policy. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*James L. Key*, for plaintiff.
*Westmoreland Brothers*, for defendant.

LITTLE, J.   On the 6th day of July, 1897, the plaintiff filed in the office of the clerk of the superior court of Fulton county

a petition seeking to recover a sum of money from the defendant, on account of the loss of certain personal goods by fire occurring on the 26th day of March, 1897, which were covered by a policy of insurance, on which the suit was based.   A copy of the policy was attached to the petition, and among others contained the following stipulation:   "No suit, or action on this policy, for the recovery of any claim, shall be sustained in any court of law or equity,   .   .   unless commenced within twelve months next after the fire."   The petition prayed process against the defendant requiring it to appear at the fall term of the superior court, which convened on the first Monday in September, 1897.   It appears from a recital in the bill of exceptions that, "through inadvertence in the clerk's office, the petition having been mislaid, process was not attached until the 1st day of October, 1897," which process required the defendant to appear at the spring term, 1898, of said court, which convened on the first Monday in March.   It further appears that, without any order of the court, the clerk, on the first day of October, 1897, attached to the petition the process which required the defendant to appear and answer at the March term, 1898, and it also appears that service of the petition and this process was made on the 4th day of October, 1897, and thus the case stood until the 8th day of March, 1898, when the defendant filed a motion to vacate the service in said case.   At the hearing of this motion, the presiding judge intimated a doubt as to the authority of the clerk to have attached process in the absence of an order so to do.   Thereupon the plaintiff applied for an order making the spring term, 1899, which convened on the first Monday in March in that year, the return term of the case, and requiring process to be attached returnable to that term.   The order was granted, and original process bearing date January 18, 1899, was annexed to the petition, and service was perfected on the 21st of January, 1899.   After the grant of this order the case proceeded, and during the spring term, 1899, the defendant appeared and demurred to the plaintiff's petition, on the ground that the cause of action was barred, and on the hearing it was ordered by the court that the demurrer be sustained and the complaint dismissed; and to this judgment the plaintiff excepted.

Inasmuch as the contract on which the suit was based carried with it a stipulation, binding upon both parties, that no suit or action on the contract should be sustained in any court unless commenced within twelve months next after the fire, the question arises for our consideration, whether or not, as a matter of law, the proceeding instituted and the action had thereon as above recited constituted a suit or action against the defendant. The plaintiff contends that the filing of her petition in the office of the clerk of the superior court was the commencement of the suit, and that the subsequent order of the court providing for original process returnable to the spring term, 1899, of Fulton superior court, and the service of the petition and copy process thereunder on the defendant, were legal and proper, and being so, the time of the commencement of such suit related back to the date of the filing of the petition, which was within one year from the date of the fire. So that, under her contention, if the court had authority to order the process making the spring term, 1899, the return term of the case, the petition should not have been dismissed. Section 4960 of the Civil Code requires that suits in the superior court shall be commenced by petition. Section 4974 provides that to every petition the clerk shall annex a process, etc., requiring the appearance of the defendant at the return term; while section 4973 provides that upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit. In the case of *Cherry* v. *North & South Railroad*, 65 *Ga.* 633, 636, this court held that the provision which makes the filing of the petition with the clerk the commencement of the suit must be construed with kindred regulations for suits and the service thereof. So that it is not arbitrarily to be taken that the mere filing of a petition in the office of the clerk is the commencement of a suit. In the case of *McClendon* v. *Hernando Co.*, 100 *Ga.* 223, Mr. Justice Fish, in an able opinion, considered the provision of the code which declares that the date of the filing of the petition shall be considered the time of the commencement of the suit, and cited a number of authorities, both from this and other courts, to support, as a proper construction of that provision,

the ruling made by this court in the case of *Ferguson* v. *New Manchester Mfg. Co.*, 51 *Ga.* 609, that "The filing of the declaration in the clerk's office, when service has been perfected as provided by law, will be considered as the commencement of the suit; but the mere filing of the declaration, without more, is not the commencement of a suit, without service on a defendant, as provided by law, of whom the court has jurisdiction." See, in this connection, *F. C. & P. R. Co.* v. *Ragan*, 104 *Ga.* 353.

But the plaintiff in error insists that the defect as to service was cured by the order granted in 1898 for process, and the subsequent service thereunder. It must be noted that no process whatever was attached to the petition in this case, which required the defendant to appear at the term to which the case was made returnable. Of course, the subsequent attachment of process after the return term, by the clerk on his own motion, amounts to nothing, because of an entire want of authority to do so. It is freely conceded that in cases where the process attached is irregular or defective, the same may be cured by amendment under the order of the judge; but the provisions of law which apply to the amendments of process do not obtain in a case where there is an entire absence of any original process. It is provided by section 4994 of the Civil Code that no technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requisitions of the code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded. But section 5109 of the same Code declares that "Void process, or where there is no process or waiver thereof, can not be amended." That is to say, that where there is no process nor any waiver there can be no amendment; and where there is an entire absence of process, another original process can not be substituted. And such was the ruling of this court in the case of *Scarborough* v. *Hall*, 67 *Ga.* 576, where it was held, "Where the clerk failed to attach any process to the declaration, and it was served alone, it was not competent to amend at a subsequent term by attaching process and ordering service." This ruling was affirmed in *Reese* v. *Kirby*, 68 *Ga.* 825.

*Judgment affirmed. All the Justices concurring.*