## GLOVER *v.* GLOVER.

1. A petition addressed to the judge of the superior court, when it should be addressed to the superior court, may be amended by correctly stating the address.

2. The omission of a prayer for process is curable by amendment.

3. The petition as amended was not subject to general demurrer.

4. A grant of temporary alimony and counsel fees, *held* no abuse of discretion.

No. 2446. JUNE 14, 1921.

Alimony, etc. Before Judge Mathews. Bibb superior court. January 29, 1921.

*R. Douglas Feagin,* for plaintiff in error. *D. W. McCoy,* contra.

GILBERT, J. The petition of Alberta Glover, as originally filed, was addressed "To the Honorable H. A. Mathews, Judge of the Superior Court of said County," and alleged in substance that she was the wife of Charles Glover; that because of cruel treatment on the part of her husband she was forced to leave his home, since which time she has been living apart from him; and that he has failed and refused to provide support for her, though able to do so. The prayers were for injunction, for permanent and temporary alimony and counsel fees, and for rule nisi; but the petition contained no prayer for process. The clerk of the court nevertheless attached a process, and the petition was served on the defendant. On the hearing the defendant made an oral motion to dismiss the petition, upon the ground that it was addressed to the judge and not to the superior court of Bibb County, and that there was no prayer for process in the petition, and that there was no action for divorce, nor suit for alimony pending between the parties to said cause, and therefore the judge of Bibb superior court was without jurisdiction to entertain the prayer for ali-

mony, or to grant any of the relief prayed for." The plaintiff offered an amendment, which was allowed by the court, striking the words " the Honorable H. A. Mathews, Judge," and adding a prayer for process. The court overruled the motion of the defendant, and upon this ruling and judgment error is assigned. The defendant also answered, denying the material allegations in the petition with reference to cruel treatment, and alleging his willingness to provide a home and support for the plaintiff according to his means and ability, provided she would return to him and live with him as his wife. The court, after hearing evidence, rendered a judgment " ordering the defendant to pay the plaintiff five dollars a week, to commence on the 5th day of February 1921, and five dollars a week on each Saturday thereafter, until the further order of the court, and to pay the plaintiff's attorneys the sum of thirty dollars as attorney's fees, payable in two installments." To this judgment the defendant excepted.

1. The court did not err in allowing the plaintiff to amend her petition by striking the words " the Honorable H. A. Mathews, Judge," making the petition, as thus amended, addressed " To the Superior Court of said County." *Wingate* v. *Gornto,* 147 *Ga.* 192 (93 S. E. 206).

2. The court did not err in allowing the plaintiff to amend the petition by adding a prayer for process. The defect is one that may be cured by amendment. *Barnes-Fain Co.* v. *Chandler,* 148 *Ga.* 158 (96 S. E. 179), and authorities cited. The strict rule stated in *Bell* v. *Blake,* 13 *Ga.* 217 (58 Am. D. 513), and *Brady* v. *Hardeman,* 17 *Ga.* 67, has been modified.

3. The amendments allowed by the court cured the defects in the petition, and as amended it was sufficient to withstand the motion to dismiss, in the nature of a general demurrer.

4. The judgment granting temporary alimony and attorney's fees was not an abuse of discretion.

*Judgment affirmed. All the Justices concur.*