## 12938. BABCOCK BROTHERS LUMBER COMPANY v. HUGHES.

1. The omission of a prayer for process from a petition is an amendable defect; and a motion by the defendant to dismiss the petition, upon the ground that there was no prayer for process, was properly met by amendment, and the court did not err in overruling the motion to dismiss. See, in this connection, *Barnes-Fain Co.* v. *Chandler*, 148 *Ga.* 158 (96 S. E. 179) and cases there cited.

2. Under the pleadings filed and the proof submitted in this case it was error for the court to fail to charge, even without request, the law relative to the negligence of a fellow-servant.

DECIDED JULY 24, 1922.

ADHERED TO ON REHEARING, SEPTEMBER 30, 1922.

Action for damages; from Miller superior court — Judge Worrill. August 29, 1921.

*W. I. Geer, C. C. Bush, T. S. Hawes,* for plaintiff in error.

*Claude Payton, P. D. Rich, Pope & Bennet,* contra.

PER CURIAM. Where, in a suit by a servant against the master for damages on account of the alleged negligence of the latter in the selection of an incompetent fellow-servant, the plaintiff not only alleges such incompetency, but also alleges negligent acts of the fellow-servant to have been done as a result of such incompetency, a denial by the master both of such incompetency and of the commission of such negligent acts will not estop the master from setting up the defense that the master is not liable for negligence of the fellow-servant, as provided by § 3129 of the Civil Code (1910), if the evidence involves such negligence, and either fails altogether to establish the alleged incompetency or leaves the latter in issue. Especially is this true when under the law the defendant may file independent pleas, and where, as in this case, the defendant also, in the answer, alleges, by way of a general denial of the plaintiff's cause, that the plaintiff received his injuries as the direct result of one of the assumed risks of the employment, the negligence of a fellow-servant being one of such risks. Under the particular pleadings and facts of the case sub judice, a failure on the part of the court, to charge the law relating to the defense as to the negligence of a fellow-servant, without request, was error as against the defendant, and requires the grant of a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens and Bell, JJ., concur.*