LOUDERMILK *v.* BAILEY.

RUSSELL, C. J. The omission of a prayer for process is amendable. *Lyons* v. *Planters' Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155) ; *Barnes-Fain Co.* v. *Chandler,* 148 *Ga.* 158 (96 S. E. 179), and citations. Consequently the court erred in refusing to allow the amendment offered, adding a prayer for process, and in thereafter dismissing the action because there had been no legal process.

*Judgment reversed. All the Justices concur.*

No. 4349. JANUARY 14, 1925.

Complaint for land. Before Judge J. B. Jones. Union superior court. April 7, 1924.

S. B. Loudermilk filed a petition "against M. M. Bailey, as defendant," seeking to recover a described tract of land in Union County. The petition contained no prayer for process. The clerk attached process to the petition, and Bailey was served. The defendant demurred to the petition, both generally and specially.

The only portion of the demurrer material to a decision in this case is contained in the sixth paragraph of the demurrer, as follows: "That said petition has no prayer for process as required by law, and no legal process could issue, and the clerk of the superior court, Union County, Georgia, undertook to issue process without any authority, and the purported process issued by him is a mere nullity, and could not have the effect of making M. M. Bailey a party defendant to said cause of action, and no legal verdict or judgment could be taken against this party, as no legal service has been perfected on him as is required by law." At the trial term the plaintiff offered an amendment to his petition, to add the following prayer: "Wherefore plaintiff prays that process may issue, requiring the said defendant, M. M. Bailey, to be and appear at the October term, 1920, of the superior court of said county, to answer your petitioner's complaint." The defendant renewed that portion of his demurrer as above quoted, and moved to dismiss the petition, upon the ground that there was no prayer for process and no waiver of process. The amendment was disallowed by the court, and the following order was passed: "Upon hearing the demurrer and the motion of counsel for M. M. Bailey to dismiss the petition because no process prayed for and none waived, and that defendant was no party to the case, it is ordered and adjudged that the within case be and the same is dismissed on said demurrer and motion." To this order the plaintiff excepted.

*Thomas A. Brown* and *B. L. Smith,* for plaintiff.

*J. G. Collins, Pat Haralson,* and *T. S. Candler,* for defendant.