32182. BURCH *v.* CROWN LAUNDRY *et al.*
32183. HIGGINS *v.* CROWN LAUNDRY *et al.*
32184. ROBERTSON *v.* CROWN LAUNDRY *et al.*

422

Decided December 3, 1948.   Rehearing denied December 16, 1948.

*D. W. Mitchell, S. P. Carr Jr., W. H. Bolling, H. E. Mitchell,* for plaintiffs.

*Pittman & Hodge, H. E. Kinney,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ Process is the means whereby the court compels the appearance of a defendant before it for a compliance with its demands. See *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959, 961 (42 S. E. 266). To every petition there must be annexed a process unless the same be waived. Code, § 81-201. If there be no prayer for process and the clerk proceeds to attach a process without the same, this action on the part of the clerk is without authority; the person against whom it is directed is not thereby made a party to the case (*Seisel & Co.* v. *Wells,* 99 *Ga.* 159 (1) 25 S. E. 266); and unless process be waived, service upon such person does not give the court jurisdiction to render a judgment against him. See *Brady* v. *Hardeman & Hamilton,* 17 *Ga.* 67; *Ross* v. *Jones,* 52 *Ga.* 22; *Killen* v. *Compton,* 60 *Ga.* 116, 117; *Scarborough* v. *Hall,* 67 *Ga.* 576; *McGhee* v. *Mayor,* 78 *Ga.* 790 (3 S. E. 670); *J. K. Orr Shoe Co.* v. *Kimbrough,* 99 *Ga.* 143 (25 S. E. 204); *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004); *Seisel & Co.* v. *Wells,* supra; *Jackson* v. *Jackson,* 199 *Ga.* 716 (35 S. E. 2d, 258).

Therefore it necessarily follows that the purported process and its service upon the corporations at whom it was directed is void and of no effect.

■ Section 81-501 of the Code provides as follows: "Pleas to the jurisdiction shall be pleaded in person, and must, when relied on, be pleaded specially, unless a want of jurisdiction shall ap-

pear on the face of the proceedings, in which case it may be taken advantage of on motion."

In the instant case, the lack of prayer for process appears on the face of the proceedings. Under the authority previously cited, where the clerk proceeds to annex process in the absence of a prayer for it, his action in this respect is without authority, and the process is therefore void. The process being void, its subsequent service is likewise void. These defects appear on the face of the proceedings, because the absence of the prayer for process so appears. The corporations in the instant cases at which the purported process was directed appeared to attack the jurisdiction of the court in the manner provided by law. This is not an appearance for the purpose of pleading to the merits, and an appearance of this character does not constitute a waiver of process.

■ Although the purported process attached to the petition in the instant case was void, and although its service was void, and although process was not waived by any act or conduct of either of the corporations at whom the void process was directed, yet the plaintiffs had filed petitions in court showing a plaintiff and a defendant, and setting out sufficiently and specifically some particular fact or transaction as a cause of action. Section 81-1301 of the Code provides as follows: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Section 81-1302 provides in part as follows: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by."

The omission of the prayer for process from a petition is an amendable defect. See *Barnes-Fain Co.* v. *Chandler*, 148 *Ga.* 158 (66 S. E. 179); *Glover* v. *Glover*, 151 *Ga.* 574 (107 S. E. 861); *Loudermilk* v. *Bailey*, 159 *Ga.* 514 (126 S. E. 373); *Babcock Bros. Lumber Co.* v. *Hughes*, 29 *Ga. App.* 20 (1) (113 S. E. 816).

The judgment of the trial court sustaining that part of the

motion which sought to have quashed the purported process and its service was proper. However, when the plaintiffs offered to amend their petitions so as to pray for process, the trial court should have allowed the amendments. The effect of this would not be to give validity to the void process or its service, but would have authorized the clerk to issue valid process as of the time of the allowance of the amendments praying for the same. While the process was void and should have been quashed, there was nothing wrong with the petitions that could not be cured by amendments. The judgment of the trial court disallowing the amendments and dismissing the petitions, therefore, was in each case error.

*Judgment affirmed in part and reversed in part; reversed with direction that the proffered amendments for prayer for process be allowed, and that the clerk be directed to issue process based thereon as of the time of the allowance of the amendments, the same to be served as now provided for by the Code (Ann. Supp.), § 81-201 (Ga. L. 1946, pp. 761, 768). MacIntyre, P. J., and Gardner, J., concur.*