## CROWN LAUNDRY *et al. v.* BURCH.

No. 16555. April 13, 1949.

*Pittman & Hodge* and *H. E. Kinney,* for plaintiffs in error.
*Mitchell, Mitchell, Bolling & Mitchell* and *Sanford P. Carr Jr.,* contra.

Candler, Justice.   This case comes to us on certiorari to the Court of Appeals.   On May 26, 1948, Charles Burch filed a petition in the Superior Court of Whitfield County, in which he alleged that Crown Laundry and Crown Dye Company had injured his property.   He prayed for damages.   His petition did not contain a prayer for process.   The clerk nevertheless attached process returnable thirty days after service, and Crown Laundry and Crown Dye Company were served with a copy of the petition and of that process on May 26, 1948.   They made a motion to quash the service and to dismiss the petition upon the ground that the court was without jurisdiction, since there was no prayer for process and the process attached was for that reason a nullity. Before the motion was heard, and on July 3, 1948, Burch offered to amend his petition by adding the following prayer for process: "Wherefore, plaintiff prays that process may issue, requiring the said defendants Crown Laundry and Crown Dye Company to be and appear at the July term, 1948, of the Superior Court of

said County, to answer your petitioner's complaint." The proffered amendment was disallowed. The motion was then sustained. Burch excepted to that judgment; and the Court of Appeals held that the trial judge erred in refusing to allow the amendment since the defect in the petition was amendable, and in its judgment of reversal gave direction that the amendment be allowed, that the clerk be required to issue process, and that the parties be served as now provided by law. *Burch* v. *Crown Laundry*, 78 *Ga. App.* 421 (50 S. E. 2d, 768). The petition for the writ of certiorari, which we granted, assigned error only on that ruling.

■ Counsel for the defendant in certiorari concede that the petition, as originally filed, was defective for want of a prayer for process, that the clerk was without authority in such a case to attach process, and that process has not been waived. In other words, it is admitted that the process which was annexed to the petition is a nullity, and that we should deal with the petition just as if no attempt had been made by the clerk to annex process thereto. In all of this we concur, for, in the absence of a prayer therefor, the clerk has no authority to issue process (*Lowrey* v. *Richmond and Danville R. Co.*, 83 *Ga.* 504, 10 S. E. 123), and "Void process is equivalent to no process, and the same result would follow from attaching a void process as from a failure to attach any process whatever." *Neal-Millard Co.* v. *Owens*, 115 *Ga.* 959 (42 S. E. 266). In this situation was the petition amendable by adding a prayer for process? The Court of Appeals held that it was, and relied for its ruling upon *Barnes-Fain Co.* v. *Chandler*, 148 *Ga.* 158 (96 S. E. 179); *Glover* v. *Glover*, 151 *Ga.* 574 (107 S. E. 861); *Loudermilk* v. *Bailey*, 159 *Ga.* 514 (126 S. E. 373); *Babcock Bros. Lumber Co.* v. *Hughes*, 29 *Ga. App.* 20 (113 S. E. 816). Those cases are unquestionably authority for the ruling complained of; and the three cases from this court are all full-bench decisions which have not been overruled or materially modified, and since they are not in conflict with any of our older decisions, they are binding upon us and must be followed. There is no request to review and overrule those decisions in the manner prescribed by law (Code, § 6-1611), and so long as they are permitted to stand they have the force and effect of a statute and are controlling on the question there

decided. *Hagan* v. *Candler*, 189 *Ga.* 250, 258 (5 S. E. 2d, 739, 126 A. L. R. 108). Committed then, as we are, to the proposition that a petition without a prayer for process is amendable by adding a prayer therefor, we must agree with the Court of Appeals that the trial judge erred in refusing to allow the proffered amendment.

■ With the amendment praying for process allowed, how stands the plaintiff's case? The Court of Appeals directed that, upon the allowance of the amendment, the clerk of the trial court be required to issue process and that the defendant be served as provided by law. The defendants contend that this is supplying process in violation of the Code, § 81-1313, which declares: "Void process may not be amended nor in the absence of waiver may process be supplied." To this we do not agree. "Process is the means whereby the court compels the appearance of a defendant before it for a compliance with its demands." *Neal-Millard* v. *Owens, supra.* The Code, § 81-201, directs that "The clerk shall annex to every petition a process (unless the same shall be waived), signed by the clerk or his deputy and bearing teste in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the defendant or defendants to answer the petition within 30 days after the service of the petition and process." Section 81-202 directs that "The clerk shall immediately deliver the original petition, with process annexed, together with a copy of the petition and process for each defendant, to the sheriff or his deputy, who shall serve such copy upon each defendant." Under the cases cited and relied upon by counsel for the defendants, the prohibition against supplying process, as contemplated by the Code, § 81-1313, arose when the clerk, with the authority of a prayer for process, failed to comply with the mandate of the law by annexing process when the petition was filed. See *Scarborough* v. *Hall*, 67 *Ga.* 576; *McGhee* v. *Mayor &c. of Gainesville*, 78 *Ga.* 790 (3 S. E. 670); *Nicholas* v. *British American Assurance Co.*, 109 *Ga.* 621 (34 S. E. 1004). In those cases the court was dealing with the question of amending void process or supplying process where the clerk of the court had failed to attach process at the time the petition was filed in court, and not with the question of amending a petition so as to add a prayer for process. In the present

case, the original petition contained no prayer for process, and the clerk was clearly without authority to annex process. Upon the allowance of the amendment the clerk was afforded the first opportunity to legally attach process. Attaching process to the amended petition is the legal equivalent of attaching process to a petition which in the first instance prayed for process. It is only after the allowance of the amendment that the clerk can attach legal process, and that is not supplying process as prohibited by the Code.

For the reasons stated in the two preceding divisions, the Court of Appeals did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*