Walter R. Hart, J.
Defendant moves under rule 106 of the Buies of Civil Practice to dismiss the complaint in this action for the malicious prosecution of a divorce action upon the ground that it does not state facts sufficient to constitute a cause of action.
In substance the complaint states that the plaintiff is the husband of the defendant; that his wife “ maliciously and without probable cause ’ ’ instituted a suit in the State of Georgia in April, 1957 for absolute divorce against him; that in the Georgia proceeding the wife ‘ knowingly, wilfully and maliciously, and with intent to defraud the plaintiff and the Superior Court *261 * * * did utter knowingly and wilfully a forged instrument purporting to be the waiver, consent and acknowledgment of service of the plaintiff ’ ’; that plaintiff was never served with a summons in the Georgia action; that by carrying such action through to judgment the wife perpetrated a fraud upon the Georgia court and the plaintiff; that the ‘ ‘ uttering of the forged fraudulent instrument ’ ’ was done maliciously ‘ ‘ to defraud the Georgia Court and the Plaintiff”; that since the wife was not entitled to a divorce in the Georgia courts without the express consent of the plaintiff, the obtaining of a void judgment under the circumstances was malicious and without probable cause, injuring the plaintiff”; that plaintiff did not appear in such action; that plaintiff subsequently by action instituted in Georgia obtained a judgment vacating and setting aside the divorce “ on the ground that the purported acknowledgment of service attached to the original petition was a forgery”.
The complaint claims special damages in that the plaintiff “ was put to great trouble, inconvenience and expense in prosecuting the action ” to vacate, and in “ the instant action, in procuring witnesses, in making investigations, in employing counsel, and taking depositions,” all in the sum of $10,000.
In testing the sufficiency of the complaint all the material allegations of fact are deemed to be true.
For purposes of this decision the court will assume that the utterance and use of the forged waiver in the Georgia proceeding are sufficient allegations of evidentiary facts to prove malice and want of probable cause.
Though there are numerous charges of fraud contained in the complaint it is quite clear that important elements of a fraud action are lacking. The misrepresentation alleged was the utterance of the forged waiver in court in the divorce proceeding against the plaintiff. The utttering of a false document was not made to the plaintiff, nor is it or can it be claimed that the plaintiff relied upon such utterance or misrepresentation and acted upon it in reliance thereon.
The court interprets the purported cause of action as being one “ to recover damages for malicious prosecution of an action for absolute divorce.” That is the exact characterization adopted by the plaintiff in his brief and presumably the theory used by the pleader in the preparation of the complaint. It is, in other words, an action for malicious prosecution of a civil suit as distinguished from an action for malicious prosecution of a criminal proceeding.
The law of the place where the wrong was committed governs on the issue as to whether a cause of action was created in favor *262 of plaintiff (Kerfoot v. Kelley, 294 N. Y. 288). It is the settled law of Georgia, where the tort arose, that in order to maintain such an action, assuming the existence of malice and lack of probable cause in instituting and carrying it through to an unsuccessful conclusion, there must be an interference Avith the person or property of the plaintiff (Mitchell v. Southwestern R. R., 75 Ga. 398; Dixie Broadcasting Corp. v. Rivers, 209 Ga. 98).
In Mitchell v. Southwestern R. R. (supra, p. 405), the plaintiff charged the defendant with maliciously prosecuting an injunction action against the plaintiff, thereby preventing him from rebuilding a dam and causing special damages in being deprived of the use of his property. The Georgia court examined the background of the doctrine and found the common-law rule to be: “ Yet there was this distinction: when an action was sued out maliciously and without probable cause, whereby the person of the defendant toas arrested, or his property attached, or any special grievance to defendant, then in such a case the action would lie, and, as we understand, that was the common law Avhen this state was a province, and when our adopting statute was passed in 1784, and would have teen the law without this statute. There is a case which states this doctrine clearly and explicitly. In Savil vs. Roberts, 1 Salkeld R., 13, a decision by Lord Holt, which is declaratory of the common law, in which it is stated that, since the passage of the act allowing costs to defendants where plaintiffs are non-suit or fail to recover, an action for maliciously suing out an action cannot be maintained. Yet, before this statute such actions were constantly brought and maintained; but since the passage of the act, in order to maintain the action, it must be shown that the defendant maliciously sues the plaintiff either with intent to imprison him or do him some special prejudice; then an action on the case lies, and the grievance must be set out specially. We take this to be the common law, and as there is no statute changing this law, it is of force in this state.” (Emphasis supplied.)
As recently as 1952 the Supreme Court of Georgia in Dixie Broadcasting Corp. v. Rivers (209 Ga. 98, supra) had occasion to reaffirm the principle enunciated in Mitchell v. Southwestern R. R. (supra) and at the same time review the fundamental distinctions existing between the different causes of action which may be brought as a result of the improper use of court process. In many respects what the court said (p. 105) equally applies to the instant action: “ The pleader does not characterize his action. He simply sets forth facts upon which he relies for recovery; and, if these facts are such as in law entitled the plain *263 tiff to recover, it is not necessary that the action should he classified or chacterized by any name. * * * There are various forms of action to which resort may be had to recover for an injury sustained by reason of the wrongful use of legal proceedings. Ordinarily the remedy is an action for malicious use or abuse of process. ‘ The foundation of an action of malicious prosecution is an original proceeding, judicial in character. ’ 54 C.J.S. 957, § 5. * * it was held * * * that a cause of action for malicious prosecution or the malicious use of legal proceedings may be predicated upon the prosecution of an administratice proceeding.” (Italics supplied.)
It was the plaintiff’s claim in the Dixie case that defendants had maliciously and without probable cause initiated proceedings against him before the Federal Communications Commission ; that the charges were false and untrue; that the proceedings had terminated finally in plaintiff’s favor; and that his personal reputation and his radio business had been injured and damaged thereby. Of the plaintiff’s claim the court said (p. 106): “ Those are the necessary elements of an action for the malicious use of legal process or the malicious use of a civil proceeding. Code, § 105-801; Juchter v. Boehm, Bendheim & Co., 67 Ga. 534; Mitchell v. Southwestern Railroad, 75 Ga. 398; Coleman v. Allen, 79 Ga. 637 (5 S.E. 204); Wilson v. Sullivan, 81 Ga. 238 (7 S.E. 274); Porter v. Johnson, 96 Ga. 145 (23 S.E. 123); Slater v. Kirnbro, 91 Ga. 217 (18 S.E. 296, 44 Am. St. R. 19); Woodley v. Coker, 119 Ga. 226 (46 S. E. 89); Mullins v. Matthews, 122 Ga. 286 (50 S.E. 101); Brantley v. Rhodes-Haverty Furniture Co., 131 Ga. 276 (62 S.E. 222); 19 Am. & Eng. Enc. of Law (2d ed.), 630. In Juchter’s case, supra, this court said: ‘ That the right exists to sue in all cases of the malicious abuse or use of legal process without probable cause, is universally recognized, and needs no citation of authority. The right to recover damages exists equally in both classes of cases; but vindictive or punitive damages are only allowed where the act of the defendant was influenced by malicious motives and without probable cause. ’ And this court in the Wilson case, supra, said: ‘ The remedy for one who has been harassed by a malicious and groundless suit, where there is any remedy, is not an action for defamation, but for bringing and prosecuting the suit maliciously and without probable cause. ’ Accordingly the petition, as amended, will be construed and treated by this court as an action for the malicious use of legal process or the malicious use of a civil proceeding.” (Emphasis supplied.)
The complaint in the Dixie case also claimed a libel had been committed by reason of the inclusion of the libelous statements *264 in the proceeding before the commission. The court held (p. 107) : “It means that all provisions of law authorizing recovery of damages for malicious use of civil process, malicious abuse of legal process, or malicious prosecution, refer to damages which the law allows, and do not include damages for libel in such privileged pleadings. It was held in Wilson’s case, supra, that the existence of malice in making false allegations is immaterial. The Code declares such allegations privileged. ‘ However false and malicious, they are not libelous. ’ § 105-711. If they are not libelous, then manifestly no one can sue and recover damages alleged to have resulted therefrom. This absolute privilege completely protects the defendant from any liability for damages in a suit for libel based thereon, and that which the law prohibits directly it will never permit indirectly. Ford Motor Co. v. Abercrombie, 207 Ga. 464, 473 (62 S.E. 2d, 209). This rule means that the mere naming of a suit which seeks to recover damages resulting from such libel something other than a direct suit for libel, even though that name be a suit for damages resulting from malicious use of civil process, can in nowise lift the absolute legal bar to recovery because of libelous allegations privileged under the Code.” (Italics supplied.)
The court’s summary and holding in the Dixie ease (p. 108) is equally applicable to the case at bar: “ (b) By unanimous decisions this court has held that, in order to recover in a suit for malicious use of civil process, it must be shown that such process caused either (1) an arrest of the person, or (2) seizure of property, or (3) other special injury. Mitchell v. Southwestern Railroad, 75 Ga. 398; Jacksonville Paper Co. v. Owen, 193 Ga. 23 (17 S.E. 2d 76). In the latter decision it was held that ‘ damages for embarrassment, mortification, humiliation, and being “ held up to public scorn and ridicule,” ’ do not constitute special damages or injury. . That decision also held that attorney’s fees and other expense in defending the suit were not special damages. Those full-bench decisions were of force when the actions of the defendants here complained of were committed. They were the law of this State. They had the same force and effect as an act of the legislature. Ga. L. 1858, p. 74; Lucas v. Lucas, 30 Ga. 191, 202 (76 Am. D. 642); Hagan v. Asa G. Candler Inc., 189 Ga. 250, 258 (5 S.E. 2d, 739, 126 A.L.R. 108) ; Crown Laundry v. Burch, 205 Ga. 211, 212 (53 S.E. 2d, 116).”
Such process of which the plaintiff complains in the case at bar has not caused either an arrest, a seizure of property or other special injury. There is no actionable tort alleged. Plain *265 tiff’s inconvenience and expense are in theory indemnified by the allowable statutory costs awarded in the original action. Costs, unknown at common law, are awarded by statute and attorneys’ fees are not considered as costs. (Hayman v. Morris, 37 N. Y. S. 2d 884, 891.) It would be improper to permit plaintiff a recovery for legal fees and other expenses indirectly, by such action as at bar, when such recovery is not permitted directly by statute. In this connection the court said in the Dixie case (p. 108): “To sustain this action against these defendants for doing that which the law of this State declares they could do without liability, would undermine respect for and confidence in the law of the land. It is a serious matter to establish by decision of this court a rule whereby one may conform to the requirements of the law and yet be subject to payment of damages for his actions thus within the law.”
It must be noted that the forged document was not process. At best it might be possible to consider it as part of the pleadings. (72 O. J. S., Process, 982, 983.)
The brief contains the following quotation of Morris v. Scott (21 Wend. 281, 282) from Smith v. Cattel (2 Wils. 376): “ * the sting of all these kind of actions is malice and falsehood, and the injury done in pursuance thereof. ’ ”
The injury referred to in the foregoing case stemmed from the interference with the plaintiff’s person following his arrest in the malicious prosecution of a criminal proceeding in the Magistrate’s Court, and is not in contradiction to the holding herein.
It may be observed in passing that the New York law conforms with that of Georgia. (Paul v. Fargo, 84 App. Div. 9; Adley Express Co. v. Corn Exch. Bank Trust Co., 99 F. Supp. 406.)
Motion granted. Settle order on notice allowing plaintiff 10 days within which to serve an amended complaint if he-be so advised.