39541.   GIFFORD v. JACKSON et al.

Bell, Judge.   Plaintiff's action for breach of contract contained a prayer that process issue requiring the defendant to appear and answer the complaint in the Superior Court of Whitfield County, Ga., although the action was brought in the Superior Court of Murray County.   The process issued was directed to the Sheriff of Whitfield County and required the defendant to appear in the superior court of that county.   Two days after the return of service the court allowed an amendment offered by the plaintiffs to amend the prayer *in the petition* so that the process prayed for would be directed to the Sheriff of Murray County.   Although the prayer was amended, the Clerk of the Murray Superior Court never complied with the amended prayer and no proper process was issued or served in accordance with the amendment.   This left the only process in the action that which had been issued and served prior to the amendment to the petition.

If there is no prayer for process contained in the petition, although the clerk affixes thereto what purports to be process which is served upon the defendant, the action of the clerk in affixing the purported process is not authorized and the process and its service are void.   *Seisel & Co. v. Wells,* 99 Ga. 159 (1) (25 SE 266).   See also *Burch v. Crown Laundry,* 78 Ga. App. 421 (1) (50 SE2d 768); s.c. 205 Ga. 211 (53 SE2d 116).   See generally Leverett, Hall, Christopher, Georgia Procedure & Practice, § 2-15.

Further, when the copy of process served upon the defendant is made returnable to the wrong court, it is not void but merely defective and amendable.   *Stansell v. Grant,* 77 Ga. App. 126 (48 SE2d 386).   In the present case while there was an amendment to the prayer for process so that proper process was prayed for, it was never issued.   The process which was issued, by analogy to the authorities cited above, was defective and the amendment did not cure the defect contained in the process previously issued.

The plaintiffs urge that since the defendant at the call of the case contended that service of the process was bad since it was directed to the sheriff of another county than that in which the case was pending, he waived any objection to the validity of the process, citing *Americus Grocery Co. v. Brack-*

*ett & Co.,* 119 Ga. 489 (7) (46 SE 657); and *Harrison v. Lovett,* 198 Ga. 466 (31 SE2d 799). As to this case the only holding that could possibly be germane in *Brackett* is the ruling that the defendant waived its right under a special demurrer to the petition by proceeding to trial without insisting upon a ruling on the demurrer. We do not consider *Brackett's* principle of waiver as being relevant here as there was a timely motion to dismiss, and a ruling on it made during the course of a special appearance preceding the trial.

In *Harrison* it appears that at the special appearance to object to the jurisdiction of the superior court on basis of lack of proper service, the trial judge having overruled this motion, there was thereafter an oral motion to dismiss the petition because it contained no prayer for process and no process was attached to the petition. The Supreme Court held that in order to present the question for lack of process properly, the attack on lack of process should have preceded the objection as to service of the petition or else the question of lack of process should have been raised *in the special appearance objecting to the service.* From this language we deduce that in *Harrison* no objection was made to the lack of process at the special appearance objecting to the service.

Contrary to the situation in *Harrison,* in the present case when the defendant made his special appearance there was a motion made at that time that the suit be dismissed on the grounds of defective process. While this motion appears in the record two pages later than the discussion concerning the legality of the service, the court did not rule upon the service before the motion was made to dismiss on the ground of defective process. We regard neither *Brackett* nor *Harrison* as constituting authority for the plaintiff's contention that any objection to defective process was waived.

The defendant's motion to dismiss on the ground of defective process was timely and properly made and was meritorious.

The trial court erred in overruling the defendant's motion to dismiss the action for lack of proper process.

This error made the subsequent proceedings nugatory, and the other errors alleged to have occurred are not considered.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

DECIDED NOVEMBER 19, 1962.

*Sam Calhoun, Jr., Walter H. Bolling,* for plaintiff in error.
*H. E. Kinney, Pittman & Kinney,* contra.