39816.   PURCELL v. HILL.

DECIDED NOVEMBER 29, 1962.

*Heard & Leverett, E. Freeman Leverett,* for plaintiff in error.
*Davis & Davidson, Jack S. Davidson, Marshall Allison,* contra.

CARLISLE, Presiding Judge. ■ "Questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury. *Montgomery v. Southern R. Co.,* 78 Ga. App. 370 (1d) (51 SE2d 66); *Harvey v. Zell,* 87 Ga. App. 280, 284 (1a) (73 SE2d 605). Unless the allegations of the petition set up facts from which reasonable minds cannot differ as to the cause of the injury, they are sufficient to carry the case to the jury. *Bazemore v. McDougald Const. Co.,* 85 Ga. App. 107, 110 (68 SE2d 163)." *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). Negligence per se and negligence as a matter of fact differ only in the mode in which they are proved. In one case the law itself establishes negligence when a certain act or omission is proved and in the other the question of whether a proved fact constitutes negligence is left for a determination of the jury. Negligence as a matter of law is not necessarily greater than negligence as a matter of fact, and unless a petition construed most strongly against the pleader shows affirmatively that his negligence was the sole proximate cause of his injury or that he was guilty of the failure to exercise ordinary care to avoid the defendant's negligence after it was discovered by him and that failure was the proximate cause of his injury, he will not be barred of a recovery merely because the petition shows that he may have been guilty of some act of negligence per se. *Louisville &c. R. Co. v. Stafford,* 146 Ga. 206 (91 SE 29); *Minnick v. Jackson,* 64 Ga. App. 554, 563 (13 SE2d 891); *F. E. Fortenberry & Sons, Inc. v. Malmberg,* 97 Ga. App. 162, 177 (102 SE2d 667); *Roseberry v. Freeman,* 97 Ga. App. 545, 551 (103 SE2d 745). Negligence or want of due care on the part of the plaintiff (or as in this case, the plaintiff's intestate in whose shoes the plaintiff stands), is a defensive matter which should be affirmatively pleaded by the defendant, and where the petition otherwise states a cause of action the fact that it may also show that the plaintiff was guilty of some contributory negligence will not authorize the sustaining of a general demurrer, and the solu-

tion of such questions will be left for the jury. *Metropolitan Life Ins. Co. v. Hale,* 47 Ga. App. 674 (2) (171 SE 306); *Central of Ga. R. Co. v. Jones,* 43 Ga. App. 507 (159 SE 613); *Watts v. Colonial Stages Co.,* 45 Ga. App. 115, 119 (2) (163 SE 523); *Bach v. Bragg Bros. & Blackwell, Inc.,* 53 Ga. App. 574 (3) (186 SE 711); *Pollard v. Heard,* 53 Ga. App. 623, 626 (186 SE 894). When these principles are applied to the petition in this case it cannot be said that the petition affirmatively shows that the plaintiff's son was guilty of such contributory negligence as to bar the plaintiff of a recovery for his death. Conceding that under the rule of strict construction against the pleader the petition in this case must be construed as alleging that the plaintiff's son's automobile was parked less than the legally allowed minimum distance from the center line of the highway, and that neither the automobile driven by the plaintiff's son nor the truck driven by the third party had lights displayed on the rear as required by law, and that so construed the petition shows that the plaintiff's son was guilty of negligence per se, still, it would be a jury question as to whether these negligent acts, when compared with the negligence charged against the defendant's son, if proven, were such as to bar the plaintiff from recovery. The petition does allege negligent acts on the part of the defendant's son and alleges that such negligent acts proximately caused the injuries to the plaintiff's son which resulted in his death, and a determination of these questions should be left for the jury. The judge did not err in overruling the general demurrer to the petition.

■ Since courts judicially know the time when the sun rises or sets on a particular day, the duration of twilight and the presence and absence of daylight (*Powell v. State,* 193 Ga. 398, 400 (3), 18 SE2d 678; *Fields v. Jackson,* 102 Ga. App. 117, 128, 115 SE2d 877), it was not necessary for the plaintiff to allege whether the collision in question occurred before or after sunset. The special demurrer (being paragraph 2 of the demurrers) which sought to compel the plaintiff to allege this fact was, therefore, without merit. Likewise, this paragraph of the demurrer sought to compel the plaintiff to allege whether or not the vehicles parked on the highway were equipped with illuminated tail lamps

as required by law.  Since there is a presumption that all men obey the law and perform their legal duties and obligations thereunder (*Beavers v. Le Sueur*, 188 Ga. 393, 403, 3 SE2d 667; *Suddath v. Blanchard & Calhoun*, 39 Ga. App. 262 (2), 146 SE 798; *Porter v. Patterson*, 107 Ga. App. 64), it was not necessary for plaintiff to allege that her son had complied with this provision of the law any more than it was her duty to allege that he was not driving under the influence of intoxicants at the time.  If the plaintiff's son or the party operating the truck to the rear of his automobile did in fact fail to comply with the law by not having lights on the rear of their vehicles, this was a defensive matter which the defendant could raise by plea, and it would not have been proper to compel the plaintiff to allege such matter in order to negative a possible defense. *Watts v. Colonial Stages Co.*, 45 Ga. App. 115, supra.  The allegation that plaintiff's deceased son was "free from fault and blame" is not a mere conclusion but is an allegation of fact. *Etheridge Motors, Inc. v. Haynie*, 103 Ga. App. 676, 680 (2b) (120 SE2d 317).  Such allegation was not contrary "to other facts" alleged in the petition and it was not, therefore, subject to the special demurrer attacking it for these reasons.

In view of the other allegations of fact contained in the petition, the allegation that the defendant's son's operation of his vehicle was not in a reasonable and prudent manner having regard for the existing and apparent condition and potential hazards and that he drove his vehicle into the parked vehicles in a reckless and careless manner, were not subject to special demurrer on the grounds that it was not alleged in what manner he operated the vehicle and not alleged what conditions and hazards existed.  Such allegations were not subject to demurrer on the ground that they were conclusions and without facts to support them.  Accordingly, paragraphs 6 and 8 of the special demurrer were properly overruled.

■ The entire omission from the petition of a prayer for process is an amendable defect (*Burch v. Crown Laundry*, 78 Ga. App. 421, 424 (3), 50 SE2d 768), but appearance and pleading to the merits without raising by special plea this defect is a waiver thereof.  *Loudermilk v. Bailey*, 159 Ga. 514 (126 SE 373).

Likewise, appearance and pleading to the merits is a waiver of the absence of process itself. *Wilson v. City Council of Augusta,* 165 Ga. 520, 522 (1) (141 SE 412). If the failure to pray for process is an amendable defect and is waived by appearance and pleading, even more so is a defective or illegal prayer for process an amendable defect, and the defect therein waived by appearance and pleading. In the instant case it appears that the plaintiff prayed that process be issued and the defendant be required "to be and appear at the appearance term." The process actually issued required the defendant to answer within 30 days of service. The process actually issued was in terms of the law. *Code* § 81-201, as amended. The process was not utterly void and since the defendant appeared and pleaded to the merits of the case he waived any defects in the prayer for process or in the process itself. Accordingly, grounds 9 and 10 of the demurrer which sought to attack the prayer for process and the process itself were properly overruled.

■ Grounds 3, 4 and 5 of the special demurrers attack the allegations of the petition with respect to the vehicles being parked on the highway because it is not alleged in connection therewith the distance in feet between the two parked vehicles and the center line of the highway, the distance in feet between the two parked vehicles themselves, and the exact position of the two parked vehicles on the highway with respect to the right shoulder thereof. Plaintiff should have been required to allege these facts as defendant was entitled to have this information in order to properly prepare his defense. The trial court erred in overruling these grounds of demurrer.

*Judgment affirmed in part; reversed in part. Eberhardt and Russell, JJ., concur.*