Shanley N. Egeth, J.
In this action to recover reimbursement of medical expenses against the defendant insurance carrier which issued a hospital indemnity policy, plaintiff has included a third cause of action for $10,000 in punitive damages alleging in .substance that the defendant’s refusal to pay is willful and without any reasonable justification. Without specifically setting forth separate allegations, plaintiff also seeks counsel fees, but does not specify or allege any amount therefor.
Defendant moves to dismiss the third cause of action for punitive damages, claiming that it fails to state a cause of action. Defendant contends that the law does not sanction the recovery of punitive damages or counsel fees in an action seeking recovery for breach of an insurance policy.
This court does not accept the defendant’s position that punitive damages or counsel fees may never as a matter of law be recoverable in an action on an insurance policy. On this motion, it must merely be determined whether the claimed cause of action is maintainable; not whether plaintiff can adduce sufficient proof on trial to justify an award for such damages.
Defendant’s motion is accordingly denied.
Although this court has not discovered any direct authority in this State, awarding punitive damages in an action for breach of an insurance contract, it is believed that such a deter *444 mination -is a proper, additional and logical extension of the landmark doctrine enunciated by the Court of Appeals in Walker v. Sheldon (10 N Y 2d 401, 406).
Walker established a new proposition that punitive damages may be assessed in consumer transactions in favor of an aggrieved individual as a deterrent to prevent or discourage fraudulent conduct which might constitute a gross and wanton fraud upon a number of others similarly situated, who comprise the public at large.
It seems to this court that some actions against insurance carriers based upon willful, wanton or malicious refusal to pay just claims under an insurance policy, more than meet the test and rationale of the Court of Appeals in Walker. Certainly the purchaser of an insurance policy is a consumer in every .sense of the word. Even more so, the number of affected consumers who may sustain harm from intolerable, improper and unconscionable claim rejection or avoidance by an insurance carrier are far more extensive than the consumers involved in Walker.
Furthermore, the insurance type of case has an additional dimension not present in Walker. Almost every insurance policy contract is adhesive. Every policyholder is seeking, and paying for protection which meets a necessary individual and societal need. The realities of modern life require the procurement of health, hospital, surgical and numerous other types of insurance coverage to ward off individual financial catastrophe, and to protect society at large from numerous and harmful results and burdens of such a loss. It is equally realistic to recognize that no insurance policyholder actually engages in bargaining or negotiation as to the terms of his insurance policy. This industry is more unique than almost any other in presenting a contract to its consumer ona“ take it or leave it basis.” The lack of the ability of the policyholder to negotiate his contract with the insurance carrier goes far beyond the common definition of adhesion which acknowledges a lack of social or economic equality in the bargaining process. (See Kessler, Contracts of Adhesion, Some Thoughts About Freedom of Contract, 43 Col. L. Rev. 629, 630; cf. Ellish v. Airport Parking Co. of Amer., 42 A D 2d 174.)
Although adhesion in a contract is clearly not sufficient alone to justify the invalidation, whether on the ground of unconscionability, or otherwise (see Sinkoff Beverage Co. v. Schlitz Brewing Co., 51 Misc 2d 446; Ellinghaus, In Defense of Unconscionability, 78 Yale L. J. 757), nevertheless the nature of' the *445 contract more than justifies judicial effort to enforce a fairer and higher standard of conduct and performance in such contracts. The courts should seek appropriate means to deter conduct upon the part of the issuers of such policies which would deprive the policyholder consumer of the benefits purchased, and sometimes in effect, render the contract illusory, or actually nonexistent.
The use of punitive damages provides a means of dealing with this type of problem. The language of the Court of Appeals in Walker v. Sheldon (10 N Y 2d 401, 404, supra) is particularly appropriate: “ Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future.”
This court therefore holds that the Walker v. Sheldon dotitrine of punitive damages extends to the insurance contract where an insurer willfully, and without any reasonable justification, fails to honor its contractual obligations. Plaintiff may be able to prove entitlement to such damages at trial.
Although inartfully pleaded, plaintiff seeks recovery of reasonable counsel fees as additional damage sustained due to the alleged willful, unjustifiable refusal of the defendant to honor its obligation. The failure of plaintiff to fix a dollar, additional sum for this claim clearly demonstrates a request" that a court or jury determine a reasonable amount therefor.
Notwthstanding the general rule that absent an express contractual provision or statutory language, attorney’s fees are not recoverable (Royal Discount Corp. v. Luxor Motor Sales Corp., 9 Misc 2d 307; Pelella v. Pelella, 13 Misc 2d 260, affd. 9 A D 2d 897; Matter of Muck, 125 N. Y. S. 2d 415), there is an established exception that if the wrongful act of the defendant occasioned the counsel fees sued for, a cause of action based upon such counsel fees is recognized. (See Fugasy Travel Bur. v. Ernst & Ernst, 31 A D 2d 924; Shindler v. Lamb, 25 Misc 2d 810, affd. 10 A D 2d 826, affd. 9 N Y 2d 621.)
Plaintiff may be able to establish facts which warrant the award of compensation for reasonable counsel fees at trial. Plaintiff should not be precluded from this effort as a matter of law, and therefore this part of defendant’s motion is also denied.